## MONSON & VALENTINE, Appellants, v. COOKE, KENNY & CO., Respondents.

Where a referee admits the testimony of a witness against the objection of the defendant, such testimony cannot, after the case has been submitted, be thrown out, without first giving to the adverse party the opportunity of otherwise supplying the excluded testimony.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The case was referred to Nathaniel Bennett, Esq., to try the issues and report a judgment, who reported a judgment in favor of the defendant. The Court refused to set aside the report of the referee, and plaintiffs appealed.

B. S. Brooks, for Appellants, cited—

Kincaid v. Purcell, 1 Carter, 324. Worrel v. Jones, 7 Bingh., 395. Pipe v. Steele and others, 2 Ad. and El., (N. S.) 888. Henderson v. Reeves, 6 Blackf., 101. 1 Saund., 207. Barstow v. Pettit, 7 Cranch, 194. Menifield v. Cooley, 4 How. Pr. R., 272. Rich v. Hasson, 4 Sanf., 119. Thompson v. Blanchard, 4 Coms., 311.

H. S. Love, for Respondent.

Referred to Rowe v. Chandler, 1 Cal., 167. 1 Gr. Ev., § 523. 16 Johns., 89. 5 Hill, 82.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

Cooke was admitted as a competent witness against the objection of defendants. After the case was submitted, the referee decided to exclude from his consideration the testimony of Cooke, on the ground of incompetency.

This was an erroneous proceeding, because it took the plaintiff at an unfair disadvantage. The referee should have held to his first decision, and given the defendants the benefit of it upon appeal, or after arriving at the conclusion that the witness was incompetent, he should have ordered a rehearing of the cause, so that the plaintiffs might have had

the opportunity of otherwise supplying the excluded testimony of Cooke. This view renders it unnecessary to decide as to the competency of the witness.

The judgment is reversed, and the cause remanded.