## LOMME, respondent, *v.* KINTZING et al., appellants.

PRACTICE — *sham answer — judgment on pleadings.* If the answer does not raise a material issue it may be struck out as sham, or judgment may be rendered on the pleadings.

PARTNERSHIP — *agreement about profits and payment of debts — creditor.* A special agreement between two parties by which one of them is to receive one-third of the profits of a business for his services, and the other is to be liable for the debts, is no defense to an action commenced against them as partners by a creditor, who had no notice or knowledge of the agreement before the liability accrued.

PARTNERSHIP — *effect of plea of bankruptcy by one partner.* In a suit against a firm in which one partner files a plea of bankruptcy, the court properly directed a stay of proceedings as to him, and rendered a judgment for the amount claimed by plaintiff, to be enforced against the partnership property and the individual property of the other partner.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts are stated in the opinion. The complaint alleged "that, on the 1st day of July, A. D. 1869, the said defendants were copartners, doing business at the town of Helena, county and Territory aforesaid, under the firm name of B. C. Kintzing & Co.; that, on the day and year aforesaid, the said defendants, copartners as aforesaid, were indebted

unto this plaintiff in the sum of $4,384.89, balance due for
money lent and advanced by plaintiff to the defendants,
and for money had and received by the said defendants for
the use and benefit of this plaintiff, for goods and wares and
merchandise sold and delivered by plaintiff to the said de-
fendants, and for work, labor and services done and per-
formed by the said plaintiff for said defendants — all at the
special instance and request of the said defendants — which
said sum of $4,384.89 the said defendants, on the day and
year aforesaid, promised to pay the said plaintiff when
thereto requested by the said plaintiff; that the said plain-
tiff has demanded payment of the said sum of the defend-
ants; that the defendants, or either of them, have not paid
the said sum, or any portion thereof, and the same remains
wholly due and unpaid, wherefore the said plaintiff prays
judgment," etc.

To this complaint the appellant B. C. Kintzing filed his
third amended answer, and "denies that on the 1st day of
July, A. D. 1869, or at any other time, the defendants were
partners in the town of Helena, and Territory of Montana,
under the firm name and style of B. C. Kintzing & Co.
Denies that on the day and year aforesaid, or at any other
time, the said defendants, as such copartners, were indebted
to the plaintiff in the sum of $4,384.89, or any other sum,
for money lent and advanced by plaintiff to defendants;
for money had and received by defendants for the use and
benefit of plaintiff; for goods, wares and merchandise sold
and delivered by plaintiff to defendants, and for work, labor
and services done and performed by plaintiff for said de-
fendants, at their special instance and request, as charged
in plaintiff's complaint.

Denies that this defendant ever promised to pay plaintiff
the said sum of $4,384.89, or any other sum; denies that
plaintiff ever demanded payment of said amount of money
from this defendant; denies that this amount, or any other
sum, remains due and unpaid to plaintiff.

Defendant, for further answer to the complaint of the
plaintiff, admits that for a short time, in the spring of 1869,

the above defendants were associated in business in the town of Helena, and Territory of Montana, under the name and style of B. C. Kintzing & Co., but avers that this defendant had no interest whatever in the capital stock of said business, but only received for services rendered equal to one-third of the profits of the business of said B. C. Kintzing & Co.; that Charles S. Kintzing owned the entire capital stock in said business, and was solely liable for the debt incurred in said business by B. C.. Kintzing & Co., under his agreement with this defendant; and that plaintiff had full knowledge of the extent of this defendant's interest and liability as aforesaid while in the employment of B. C. Kintzing & Co.

This defendant, for further answer to plaintiff's complaint, states that Charles S. Kintzing, his co-defendant as aforesaid, has, since the institution of this suit, been adjudged a bankrupt under and by virtue of the provisions of an act entitled "An act to establish a uniform system of bankruptcy throughout the United States." The proceedings, under said act, having been had in the city of St. Louis and State of Missouri, wherefore this defendant denies the right of plaintiff to prosecute this action, and asks to be discharged with his costs in this behalf expended."

Judgment was rendered for plaintiff in October, 1870, by the district court, SYMES, J.

E. W. & J. K. TOOLE, for appellants.

The proceedings against appellants should have been suspended by the court after the plea in bankruptcy had been interposed. This plea, for the purposes of this appeal, must be taken as fully established. The local courts must yield to the superior authority of the courts of bankruptcy. The execution in one case and warrants in the other would require the respective officers, acting under them, to take the same property. Property thus taken belongs to the jurisdiction of one of these courts. The territorial courts cannot adjudicate the rights of parties under the bankrupt act. They must be determined in a court of bankruptcy.

The court erred in rendering judgment on the pleadings. The complaint proceeds upon a general assumpsit, express or implied, on the part of appellants, to pay respondent a certain sum. An express or implied promise may be shown under this complaint. *Higgins* v. *Germaine, ante,* 228. The gist of this action is the express or implied promise of appellants to pay respondent. Appellants specifically deny any such promise. See answer. When there is a promise to pay a sum on account of certain items, a denial of such promise, or the indebtedness, is good.

The partnership is denied as to the respondent. The answer states facts, showing that appellants were not liable as partners to respondent.

The defective denials, if any, are cured by affirmative allegations. *Nudd* v. *Thompson,* 34 Cal. 39 ; 3 Estee's Pl. 381 ; *Newell* v. *Doty,* 33 N. Y. 83. The answer denies that any thing is due respondent. To render a judgment on the pleadings, such judgment must not be inconsistent with any material matter denied or affirmatively pleaded. The defective denials, if any, were caused by the bad pleading of respondent, for which he should be held responsible.

The practice act of Montana contains no provision for judgment on the pleadings. Section 50 provides that sham answers may be stricken out on motion. The New York Code provides expressly for judgment on the complaint, and answer on five days' notice. Howard's N. Y. Code, 388.

No judgment can be rendered on the pleadings if one material fact is denied, or the answer sets up new matter. The whole answer must be "sham and irrelevant." *Ghirardelli* v. *McDermott,* 22 Cal. 539 ; *Gay* v. *Winter,* 34 id. 161 ; *Willson* v. *McDonald,* cited in 3 Estee's Pl. 381, § 4.

Under the New York Code judgment cannot be rendered on the pleadings, unless the whole answer is frivolous and insufficient. *Nichols* v. *Jones,* 6 How. Pr. 355 ; *Van Valen* v. *Lapham,* 13 id. 240 ; *Kelly* v. *Barnett,* 16 id. 135 ; *People* v. *McCumber,* 18 N. Y. 315.

Appellants denied all the material allegations of the complaint, and set up new matter. Yet the court, without

notice, rendered judgment on the pleadings, on the ground that one single denial was technically defective.

CHUMASERO & CHADWICK, and W. F. SANDERS, for respondent.

In effect, this case stands on a demurrer by respondent to the answer of appellant B. C. Kintzing, because it did not state facts to constitute a defense, and did not deny the allegations of the complaint so as to constitute a defense.

The denial of copartnership is the denial of an immaterial allegation. *Whitwell* v. *Thomas*, 9 Cal. 499. But the denial is faulty. It makes the firm name and place of partnership material, both of which are immaterial.

The allegations of the complaint are interpreted to be, that appellants did have and borrow moneys, and did perform labor at their request. The second denial is not of any fact, but the conclusion, the indebtedness. The conjunctive conjunction is also used by appellants in denying that they owe for the three several items. The promise to pay, upon the facts confessed, is implied by law. A denial of the promise is not a defense. The affirmative allegations, with no denials of the allegations of the complaint, are insufficient.

The bankruptcy of C. S. Kintzing did not abate the action, nor destroy B. C. Kintzing's liability or that of the firm.

The following authorities are to the effect that the denials of the answer do not raise an issue : Sto. on Eq. Pl. 852 ; Stephen on Pl. 243-5, 379 ; *Hopkins* v. *Everett*, 6 How. Pr. 159 ; *Salinger* v. *Lusk*, 7 id. 430 ; *Davison* v. *Rowell*, 16 id. 467 ; *Fish* v. *Redington*, 31 Cal. 194, and cases cited.

An adjudication of bankruptcy is the judgment of a court, and must be pleaded with the precision required for pleading judgments. No court is named in the answer. If the bankruptcy were well pleaded, this action could proceed against the other appellant, as surviving partner, and judgment could be rendered against the property of the firm. Our statute recognizes the same principle, in allowing judgment against property where all the joint owners are not served. Civ. Prac. Act, § 32.

WARREN, C. J.  The court below, in this case, on motion
of the plaintiff, rendered judgment on the pleadings, from
which the defendants appeal.  Under our practice, where
an answer raises no material issue, the plaintiff may either
move that it be stricken out as sham and irrelevant, or move
for judgment.  This is an action upon an account against
the defendants, as copartners, under the firm name of B. C.
Kintzing & Co., in the town of Helena and Territory of
Montana.  The separate amended answer of B. C. Kintzing
denies the partnership under the style and at the time and
place alleged ; denies indebtedness of defendants as such
partners ; denies any promise by himself to pay ; denies
any amount to be due plaintiff, and pleads as new matter
that the defendants were, for a short time, in the spring of
1869, associated in business in the town of Helena and Ter-
ritory of Montana, under the style of B. C. Kintzing & Co., but
that C. S. Kintzing furnished all the capital stock for such
business, and by special agreement was to be individually
liable for all debts incurred therein, and B. C. Kintzing was
to receive one-third of the profits thereof in compensation
for his services, and avers that plaintiff had actual knowl-
edge of this agreement, while in the employment of B. C.
Kintzing & Co., and further pleads an adjudication of
bankruptcy of C. S. Kintzing since commencement of this
action.

These denials raise no issue as to the fact of partnership,
or the alleged liability of the defendants as partners.  The
new matter is insufficient, as it states facts which legally
constitute a partnership, and in order that the special agree-
ment between defendants as to individual liability should
affect the plaintiff, it was necessary to aver that plaintiff had
notice or actual knowledge of such agreement, before the
liability alleged in the complaint accrued.  The allegation
that plaintiff had such knowledge "while in the employ-
ment of B. C. Kintzing & Co.," is too vague, and being
taken most strongly against the pleader, is insufficient.

Under the plea of bankruptcy of C. S. Kintzing, the court
directed a stay of proceedings as to him, and rendered a

judgment in favor of plaintiff for the amount claimed, to be enforced against the partnership property of B. C. Kintzing & Co., and the individual property of B. C. Kintzing. If this is error, it is not such as either appellant can complain of.

*Judgment affirmed.*