## PORTER ET AL., APPELLANTS, *v.* INDUSTRIAL PRINT-ING COMPANY, RESPONDENT.

### (No. 1,346.)

(Submitted October 9, 1901.   Decided December 9, 1901.)

*Appeal—Opinion of Trial Court—Consideration—New Trial—Statutory Grounds—Ruling Preventing Fair Trial—Accident—Surprise.*

1. New trials are statutory; if granted, they must be granted upon statutory grounds, and none other.
2. Though the opinion of the trial court cannot be considered as any part of the case, where it is submitted by all the parties in their briefs, without objection, it may be read as suggestive of what may be the just determination of the case.
3. A trial court found certain counterclaims to have been sufficiently pleaded, and defaulted the plaintiff as to the same, on failure to reply; relying on which default defendant introduced no evidence, on reference of the case, to prove the counterclaims.  The court adopted the findings of the referee, but declared that part of the counterclaims only were sufficiently pleaded. *Held* a new trial would be. allowed defendant, as such action of the court was surprise and accident which ordinary prudence could not have guarded against.

MR. CHIEF JUSTICE BRANTLY dissenting.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by W. N. Porter and B. W. Porter, partners doing business under the firm name of Porter Brothers, against the Industrial Printing Company, a corporation.   Judgment for plaintiffs. · From an order granting defendant's motion for a new trial, plaintiffs appeal.   Affirmed.

*Mr. John W. Stanton* and *Mr. Geo. H. Stanton,* for Appellants.

1.    There were issues of fact arising upon the allegations of the complaint controverted by the answer, but as to such issues

the same were disposed of by consent of the parties in their agreement to adopt the findings of fact of the referee; as to this feature of the case it was error for the court to grant a new trial.

2. There was no issue of fact arising upon the allegations of the counterclaims set up in the answer because there was no reply controverting such allegations; therefore there was only an issue of law arising upon the allegations of the counterclaims. The Code does not provide for a new trial of issues of law. A new trial is a creature of the statute and there is no authority for it on an issue of law; therefore the court had no authority and it was error to grant a new trial as to the issues of law arising upon the allegations of the counterclaims. The right of new trial is founded upon Section 1171, Code of Civil Procedure. The same Code defines issues of fact and issues of law.

Code of Civil Procedure, Sec. 1170: A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees. (*Ramsdell* v. *Clark,* 20 Mont. 106; *Beach* v. *Spokane R. & W. Co.,* 21 Mont. 9; Code of Civil Procedure, Secs. 1030, 1031, 1032, 1033.) In *Beach* v. *Spokane, supra,* it is held that an issue of fact upon which a new trial can be granted is such an issue only as is raised by the pleadings and that a new trial of a motion is not authorized by the Code. It was error for the court to grant a new trial as to any issues rising out of the complaint and answer for the reason that the findings of the referee in favor of plaintiffs for $1,308.83 were adopted by the court on the motion of the defendant and of the plaintiffs. Both parties were satisfied and agreed upon these findings and agreed and consented that the plaintiffs should have credit for $1,308. 83. If there had been any error respecting any ruling of the court upon the alleged counterclaims for which a new trial could be granted, the court should have granted a new trial only to the extent of trying such issues, and should expressly declare in the order granting a new trial that

the findings of the referee should stand in favor of plaintiffs to the full extent of $1,308.83. (*Rader* v. *Barr* (Oregon, 1892), 29 Pac. 889; *Port* v. *Parfit* (Washington, 1892), 30 Pac. 328; *Scatena* v. *California Canneries Co.,* 115 Cal. 14, 46 Pac. 737; *Schmidt* v. *Oregon G. M. Co.,* 40 Pac. 406; Beach, Mod. Eq. Prac. Sec. 795; *Armstrong* v. *Cooper,* 11 Ill. 540; *Erlanger* v. *S. P. R. Co.,* 109 Cal. 395, 42 Pac. 31; *Francaise D'Epargner* v. *Beardslee,* 63 Cal. 160; *Thompson* v. *Connolly,* 43 Cal. 636; *Mecham* v. *McKay,* 37 Cal. 158, and the case there cited; *Meerholz* v. *Sessions,* 9 Cal. 278; *Bretherton* v. *Hart,* 11 Cal. 406.) In the cases above cited there was no motion to dismiss and the judgments were affirmed because the court would not review a judgment or order made by consent of the appellant, but in *Oullahan* v. *Morrissey,* 73 Cal. 297, 14 Pac. 864, the appeal was dismissed because the judgment was entered with the consent of the appellant; and in *San Francisco* v. *Certain Real Estate,* 42 Cal. 513, the court said: "It is objected *in limine* that we ought not to entertain this appeal for the reason that the judgment from which it was taken was entered *pro forma,* and by consent. If the record discloses this fact, it would be our duty to dismiss the appeal as we have repeatedly decided that we will not review judgments or orders entered by consent."

In the case at bar if defendant had taken an appeal, this court would not review the order of the lower court adopting the findings of the referee, because such order was by consent of all parties, and for the same reason the lower court should have refused to review such order on the motion for a new trial. *In re Lorenz's Estate,* 57 Pac. 381; *Coryell* v. *Cain,* 16 Cal. 572; *Spinetti* v. *Brignardello,* 53 Cal. 281; *Erlanger* v. *Railroad Co., supra.*)

If there had been a reply, the court might grant a new trial as to issues arising upon the counterclaims and the reply and refuse a new trial as to the issues of the complaint and answer, because the court may grant a new trial as to part of the issues and deny it as to other issues. A new trial may be granted as

to one or more causes of action set up in a petition, and refused as to others. (*Woodward* v. *Horst,* 10 Iowa, 120; *Bond* v. *Wabash, etc.,* 67 Iowa, 713; *San Diego Land & Town Co.* v. *Neale,* 78 Cal. 63, 20 Pac. 372; *Duff* v. *Duff,* 35 Pac. 437; *Jacob* v. *Carter,* 36 Pac. 381; *Hamilton* v. *Nelson,* 22 Mont. 539, 57 Pac. 146.)

Section 1030, Code of Civil Procedure, provides that there are two kinds of issues, to-wit, one of law, and one of fact. There were issues of fact in the case at bar arising upon the complaint and answer, which issues of fact became conclusive by reason of defendant's consent in adopting the report of the referee. There was no issue of fact as to any counterclaim whatever because of the simple reason that there was no reply. The district court has no jurisdiction to grant a new trial except as to an issue of fact. That court should never grant a new trial as to an issue of law, but that is exactly what the court did in the case at bar. If defendant had any grievance because of the judgment the court had rendered, the only remedy of defendant was to preserve its bill of exceptions and take its appeal to the supreme court, where the error of law, if any, might be reviewed. If the Code provided that the district court could grant a new trial on an issue of law, the case would be quite different, but there is no such provision. (*Perkins* v. *McDowell,* 23 Pac. 71; *Powder River Cattle Co.* v. *Custer County,* 9 Mont. 145; *Harper* v. *Hildreth* (Cal.), 33 Pac. 1103; *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 252.)

We have shown that an issue of fact did not arise as to the counterclaims because there was no reply; therefore as to the counterclaims there was only an issue of law because the question as to whether such counterclaims stated facts sufficient to constitute a cause of action or counterclaim is a question that plaintiff did not waive by failure to reply. That question is jurisdictional and may be raised for the first time in the supreme court. The question really was raised for the first time when defendant moved to adopt the findings of the referee and

for judgment in its favor. The case of *Foley* v. *Foley* (Cal.), 52
Pac. 122, decided February 4, 1898, is decisive of the question
as to whether the court could grant a new trial as to the counter-
claims, because the court holds that since a new trial is a re-
examination of an issue of fact, where no answer is filed con-
troverting any fact, and judgment goes against defendant with-
out a trial on issues of fact, a motion for a new trial is nuga-
tory and cannot be reviewed. It necessarily follows that if the
court had denied defendant's motion for a new trial and the
defendant had appealed from such order, such appeal could not
be entertained. The proceedings by which the court attempted
to grant defendant a new trial as to the issues of law upon the
counterclaims were wholly nugatory and therefore the order
granting new trial should be reversed. Proceedings for new
trial are statutory and the statute should be followed.

We maintain that a default by a defendant to a complaint
and a default by a plaintiff to a counterclaim are upon the same
footing. The plaintiff in case of default of defendant is enti-
tled to judgment on a good complaint. The defendant in case
of default to a good counterclaim is entitled to judgment against
the plaintiff. Neither a complaint failing to state a cause of
action nor a counterclaim faulty in the same respect will sup-
port a judgment. (*Quinn* v. *Smith,* 49 Cal. 163 ; 67 Cal. 21 ;
*Ohm* v. *San Francisco,* 92 Cal. 437.)

The effect of plaintiff's motion and objection to the counter-
claim is that of a general demurrer. In *Herschfield & Bro.* v.
*Aiken et al.,* 3 Mont. 442, it was held that an averment in the
complaint in an action on a promissory note that the amount
thereof is "due and payable" states only a conclusion of law,
does not as a fact allege a breach of contract, and is bad on
demurrer, citing *Frisch* v. *Caler,* 21 Cal. 75 ; *Davaney* v. *Eg-
genhoff,* 43 Cal 395 ; *Doyle* v. *Phoenix Ins. Co.,* 44 Cal. 264 ;
*Roberts* v. *Treadwell,* 50 Cal. 520. See also *Richards* v. *Lake
View Land Company* (California), 47 Pac. 683. In *Madison
County* v. *Smith,* 95 Ill. 328, it was held: "A default admits
the facts alleged against the defendant to be true but does not

admit that those facts constitute a cause of action, so, if upon default it be found that the facts alleged do no give a right of recovery, final judgment should not be entered against the defendant." We believe the principles are so well settled that we need not cite authorities to sustain our position that a counterclaim must contain all of the substantive averments necessary in a complaint based upon the same cause of action set out in the counterclaim; that conclusions of law in a pleading are useless and will be treated as if not alleged in considering objections to the pleading; that the question as to whether a complaint or counterclaim states facts sufficient to constitute a cause of action or a counterclaim is never waived because it is jurisdictional.

We maintain that there was no error of law occurring at the trial. If there was it would have to appear by the bill of exceptions of the defendant. Its bill of exceptions does not show any ruling complained of. The motion for a new trial really was based and must have been granted on the affidavits of counsel for defendant. The most that can be said in its favor is that defendant obtained its new trial on the ground of "surprise." So we must conclude that the motion was granted on the affidavits alone. Therefore it becomes necessary to ascertain, if we can, the gist of the accident or surprise complained of, whether it be called "irregularities in the proceedings of the court," or "accident or surprise which ordinary prudence could not have guarded against." It is clear the motion was granted either on subdivision one or three of Section 1171, Code of Civil Procedure. The "irregularity" or "accident or surprise" consisted in this as appears from the affidavits: That at some remote period of the proceedings and long before the default of plaintiffs was entered for failure to reply to the counterclaims, the plaintiffs had moved to strike out the counterclaims because the same were sham and irrelevant or did not state facts sufficient to constitute a cause of action or counterclaim. From the affidavits it is to be presumed such motion was denied and for that reason counsel for defendant believed they had a good

pleading. Evidently counsel for plaintiff did not concur in that belief because they refused to reply to the counterclaims and suffered .default to be entered. Afterwards the issues of the complaint were referred to a referee who reported his findings of fact. Afterwards defendant moved to adopt such report by its written motion. On the hearing of this motion counsel for plaintiffs moved for judgment and in view of the fact that both parties agreed to adopt the findings, that motion was argued on the question as to whether such counterclaims do state facts sufficient to constitute causes of action. It is very evident that the court did not change its ruling "at the trial." If the court held the counterclaims good or for any other reason denied the motion to strike them out prior to entering the plaintiffs' default on May 4, 1898, surely that ruling was not made at the trial. At best it cannot be said that the trial took place prior to the hearing before the referee in June, 1898, nor did such trial end until the court decided the motion for judgment on July 28, 1898. Therefore, if the court changed its ruling, it did not do so "at the trial." At no time before judgment, when the trial ended, did defendant offer to amend its answer or counterclaims. It maintained that the counterclaims were good and stood by such assertions until the court held them bad and gave judgment accordingly. So it cannot be said there was any irregularity in the proceedings of the court by which defendant was prevented from having a fair trial. It cannot be said that there was any accident which ordinary prudence could not have guarded against, nor can it be said there was any surprise which ordinary prudence could not have guarded against. The court must have granted the motion for a new trial on the affidavits of counsel for defendant and on the sole ground of "surprise" in a change of ruling.

The power to grant new trials on the ground of surprise should be carefully, even cautiously exercised. It is also the rule that reasonable diligence must have been used in preparing for trial, and we take it that this means reasonable diligence and care must be used in preparing pleadings.

In the case at bar the court, long prior to the time when it was referred to the referee, erroneously refused to strike out the counterclaims; at least it is to be presumed from the affidavits that the court refused to sustain a motion to strike, thus it appears that the attention of counsel for defendant was directly called to the weakness of the counterclaims before the case was sent to the referee. What better notice should defendant have than the attack upon the counterclaims by motion, and the fact that the plaintiff suffered default thereby indicating a determination to abide by their position? If the counterclaims were bad it was the fault of the defendant who could not be surprised in view of the assault so early made upon them. On the motion for judgment the plaintiffs again make an assault upon the sufficiency of the counterclaims; the court took the matter under advisement for three weeks; during all this time the defendant vigorously defended the counterclaims but never at any time until after judgment did the defendant offer to amend its answer or counterclaims.

The whole theory of defendant on motion for a new trial and adopted by the court was simply this, that the court had changed its ruling in holding certain counterclaims bad on motion for judgment. We know of no authority holding that if the court once makes an erroneous ruling the same error shall be repeated. The court on motion for judgment should make a correct ruling and give a correct decision no matter what other ruling had been made. When the motion for judgment was argued and counsel for plaintiffs combatted the counterclaims on the ground that they did not state sufficient facts, then the attention of counsel for defendant was again called directly to the point on which the court was asked to rule, namely, the sufficiency of the counterclaims. Counsel for defendant had no right to stand by their pleadings until they could get a decision on the motion for judgment which, if favorable to them, they would abide by, but if unfavorable they would complain of as a surprise. On the motion to strike, and again on the motion for judgment, the

defendant had notice of the contention of plaintiffs that their counterclaims were bad; and being charged with a knowledge of the law, they always knew their pleading was bad; it was too late after the judgment to ask to amend their counterclaims. In law they could not be surprised because the court ruled adversely to them; they could not be surprised because the pleading was bad, because they had prepared it, and counsel for the plaintiffs had shown what the law says they knew, that it was indeed very bad. Being charged with a knowledge of the law, and having the law pointed out to them, they should be precluded from asserting surprise in any manner whatever. There could be no surprise or accident which they could not have guarded against before the adverse decision giving judgment. If they had sufficient facts they should have adhered to our sumple rule of pleading—state the facts. Suppose the court did deny the motion of plaintiffs to strike the counterclaims, such ruling was erroneous; but that did not preclude the court from ruling correctly on the motion for judgment. (*Sherburne* v. *Strawn et al.* (Kansas, 1893), 34 Pac. 405.) We make the point that if the court erred in changing its ruling as claimed by defendants, that is, refusing to strike the counterclaims and then afterwards on motion for judgment holding the counterclaims bad, that such a ruling is an error of law and not surprise. We make the further point that such an error, if any, must appear from the bill of exceptions and not by affidavit. Therefore it was error to support such an error by affidavit. On this feature of the case we submit the court committed error in granting the new trial. We submit the decision of the court giving judgment was correct. That there was no accident or surprise which ordinary prudence could not have guarded against, nor was there any irregularity in the proceedings of the court to the prejudice of the defendant. We further submit that no matter how many errors might have been committed by the court, the defendant is concluded and estopped from complaining of the action of the court in adopting the findings of the referee; the defendant could not urge any objections

thereto if it had taken an appeal from the judgment. That the defendant, if the motion for new trial had been denied, could not appeal therefrom as to the issues of fact arising upon the complaint because as to such it was estopped and concluded, and as to the issues arising upon the counterclaims the same are not issues of fact but issues of law, not subject to a new trial, and therefore as to such issues of law the defendant could not appeal from the order if its motion for new trial had been denied. It necessarily follows that the defendant pursued a course wholly unauthorized in law in the proceedings for new trial. The only remedy the defendant had for a review of any action or ruling of the court was to appeal directly from the judgment, in which case the erroneous ruling complained of would have to appear from its bill of exceptions.

*Messrs. Greene & Cockrill, Mr. F. A. Merrill* and *Mr. Preston H. Leslie,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal taken by plaintiffs from an order granting the defendant's motion for a new trial. The plaintiffs commenced an action to recover a sum of money from the defendant. On the 10th day of March, 1898, the defendant answered, making certain denials, and attempting to set up certain counterclaims; thus seeking to recover of plaintiffs a total sum largely greater than the amount sued for by the plaintiffs. On the 4th day of May, 1898, the defendant filed its *praecipe,* asking for default of reply to the counterclaims, and the clerk, in pursuance of the demand, entered the default. On May 9, 1898, the plaintiffs filed a reply to the counterclaims, denying each of the allegations of the answer. On May 11, 1898, the defendant filed its motion to strike the reply from the files, because not filed in time, which motion was afterwards granted, plaintiffs excepting. The cause was by consent referred to a referee to make and report findings of fact. Proof was made

by the plaintiffs, and the referee found for them on their claims in the sum of $1,308.83. No proof was made by the defendant in support of its counterclaims; it, as is now claimed, depending upon the default of plaintiffs. Plaintiffs and defendant severally moved the court to adopt the findings of the referee and for judgment. The court adopted the findings, and, declaring that only three of the counterclaims of the defendant stated, severally, causes of action, the day after finding for the plaintiffs entered judgment for them in the amount claimed and proved by the plaintiffs, and for costs, less the amount of the sufficiently pleaded counterclaims, and $30 penalties, levied upon the plaintiffs as costs upon overruling certain motions.

Thereafter the defendant moved the court for a new trial, the principal ground, and the only one, really urged by counsel, being that the court below "changed front," as the court's action was styled in *Newell* v. *Meyendorff,* 9 Mont., at page 262 (23 Pac. at page 334, 8 L. R. A. at page 442, 18 Am. St. Rep. at page 742), and thereby, as the judge declared in giving his reasons for granting a new trial, the defendant was surprised to its damage; and defendant further claims that this surprise was such as ordinary prudence could not have guarded against.

There is nothing properly in the record to show that the court at any time before judgment held that the answer was bad for substance in respect of any counterclaim. The court's opinions cannot be looked to to determine what was done or not done in the case. The defendant's bill of exceptions does not in any wise refer to any action or decision of the court upon any motion or demurrer relating to the answer. In the specifications of error submitted to the court in connection with the bill of exceptions used on motion for a new trial, one ground is that the court "erred in finding for plaintiffs upon motion for judgment for defendant in holding certain counterclaims insufficiently pleaded, when the court had previously before trial held the same good against a motion to strike them out of the answer," and that the court erred in "ordering judgment for plaintiffs without referring the cause to the referee for a

new trial, and allowing defendant to amend its answer, by rea-
son of the fact that the pleading of the counterclaim[s] had
all been held good by the court before the cause was referred
to the referee, and no legal right existing whereby an amend-
ment might be by the referee allowed." But there is no state-
ment in the bill of exceptions to show that any such motion (or
demurrer) attacking the answer was made, submitted, or de-
cided. It appears that at the time of the making of the order
made and signed July 28, 1898 (the day before the judgment
was rendered), the court, in adopting the findings of the referee,
ordered "that judgment be entered in favor of plaintiffs in the
sum of $996.95 and costs, credited by defendant taxed costs
for 'overruled motions against plaintiffs herein," and filed "a
memorandum of opinion," in which the judge stated that no
objection was made to the findings of the referee, and that
"the only questions that remain are in determining the suffi-
ciency of the counterclaims," and that "it is urged by defend-
ant that inasmuch as plaintiffs failed to interpose a demurrer,
that now, after default, they cannot object to the pleading if it
falls short of stating a cause of action."

On November 11, 1898, the judge signed, settled, and al-
lowed a bill of exceptions on motion of plaintiffs, in which there
appears an opinion of the judge, with argument and authorities
to support the reasons of the court why it believed that the de-
fendant had been surprised by certain action of the court, which
action is, after the granting of the motion for a new trial and
in the so-called bill of exceptions of plaintiffs, referred to in
the following language: "Subsequently to the filing of its an-
swer by the defendant the plaintiffs appeared, after notice to
the defendant, and moved the court to strike out each of the
six demands set out in defendant's answer as counterclaims,
upon the grounds that the same were sham, irrelevant, indefi-
nite, uncertain, and did not state facts sufficient to constitute
a cause of action or defense. Each said demand and counter-
claim in defendant's said answer was by said motion sought
separately to be stricken out. After argument the said motion

was submitted, and the court denied said motion upon the theory that the said matter sought to be stricken out, if defective, should have been assailed by a general demurrer to each counterclaim, and that the remedy was not by motion to strike out. I am of the opinion that, as to three of said demands, said motion should have been sustained. (*Lomme* v. *Kintzing,* 1 Mont. 290; *Sands* v. *Maclay,* 2 Mont. 35; *Smith* v. *Davis,* 3 Mont. 109; *McMahon* v. *Thornton,* 4 Mont. 46; 1 Pac. 724; *Dodson* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358.) Afterwards said cause was referred to Fletcher Maddox to hear the testimony, and find facts and report the same to the court; which was done; and thereupon the cause was submitted to the court upon pleadings and findings of the referee, and judgment was rendered in favor of the plaintiffs, disallowing the three said counterclaims heretofore referred to, and which are specifically set out in the ruling of the court thereon, heretofore made, and were disallowed upon the ground that they each failed to state a cause of action. I am of the opinion that the ruling of the court in denying said motion to strike out, and subsequently disallowing said counterclaims, was a surprise to the defendant, within the meaning of Subdivision 3 of Section 1171 of the Code of Civil Procedure, and such a surprise which ordinary prudence could not have guarded against; no reply having been filed, and the default of the plaintiffs on said counterclaims having been entered of record, no evidence was received or offered in support of said counterclaims, and the defendant, perhaps, had the right to assume that, said motion to strike out having been denied, his counterclaims were sufficiently well pleaded. (*Monson & Valentine* v. *Cooke, Kenney & Co.,* 5 Cal. 436; *Carpentier* v. *Small,* 35 Cal. 362; *Hartson* v. *Harding,* 40 Cal. 267; *Tennant* v. *Pfister,* 45 Cal. 272; Hayne on New Trial and Appeal, Sec. 37.)"

Although we may not consider the opinion of the court below, —only its acts, and not its reasons, being properly part of the record to be brought to this court on appeal,—still when, as in this case, it is submitted by all parties in their briefs that the

acts referred to in the opinion last above quoted were done at the time and in the manner stated by the judge, it is not improper or illegal for us to assume them to have been done as stated; and the opinion of the judge, while in no wise to be considered as any part of the case, having, however, been submitted to us without objection, it may, not unwisely, be read and considered by us as possibly suggestive of what may be the just and lawful determination of this appeal. The question to be decided is a close one. New trials are statutory. If granted, they must be granted upon statutory grounds, and none other. (*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.)

The record is obscure in many places, very redundant in others, and absolutely wanting in most important points. If it were not for the fact that the briefs submit to this court matters as part of the case which do not appear in the record, it would be impossible to tell what were the grounds on which hearing of motion for a new trial was had. It is certain from the record and the concessions contained in the briefs of the parties, taken together, that the court had submitted to it and argued before it, on the hearing on motion for a new trial, the fact that, pending answer, it had denied the motion to strike certain counterclaims in the answer, the ground of such motion being as hereinbefore set forth, and the claim of the defendant that such denial was an assurance to it that the court held the answer good in all its counts for substance, and that the "change" of front" by the court, after adopting the report of the referee, in that it suddenly, and without notice to the defendant, held the answer bad in several counts, and ordered judgment for the plaintiffs, was accident and surprise, which ordinary prudence could not have guarded against, and on account of which a new trial should be granted. The court granted a new trial upon the ground of accident and surprise. If we hold that counselors and attorneys are presumed to know the law at their peril, and that equally, at their jeopardy, they accept as law and worthy of safe dependence the decisions of the court in the proceedings of a cause, then, of course, there is here and now

an end of this discussion. But such has not been the view of
this court, as appears by a perusal of the opinion
of Mr. Justice DeWitt in *Newell* v. *Meyendorff,*
*supra.* The injured party must have a remedy.
Where is it? The motion to strike, conceded to
have been made, although called a motion, was also a demurrer,
notwithstanding the fact that the court in the bill of exceptions
of the plaintiffs declared that a *demurrer* had not been filed,
the court probably, in its discretion, without notice to the de-
fendant, having ruled on the motion as though it were a mere
motion to strike, and declining to consider the motion as a de-
murrer, it not being in form a demurrer, though such in sub-
stance and effect. This motion attacking the answer for want
of substance was overruled. Was not the decision of the court
in this denial to be relied upon until the court should reverse
its ruling? Then why should, in common justice, the defendant
be mulcted for depending upon the wisdom and consistency of
the court? *(Jeffree* v. *Walsh,* 14 Nev. 143.)

Was not the act of the court in thus misleading the defendant
a statutory ground for a new trial? The court, discovering its
error, should have informed the defendant of the mistake, and,
pending action upon the motions to adopt the findings of the
referee, have given the defendant a chance to amend its answer
upon terms, if it saw fit to do so, and, if the defendant amended
its answer, then the matter should have been sent back to the
referee for further proceedings before him under the court's
order to make findings. But the court did not do this. It
granted the motion of plaintiffs to adopt the findings of the
referee in favor of the plaintiffs, and then gave judgment for
them. Afterwards the court, upon motion, seeing its error,
hastened to make amends in the interest of justice. All of the
cases mentioned herein, as well as the text writer Hayne on
New Trial and Appeal, tend to support the opinion of District
Judge Leslie in his view that his act was such an accident or
circumstance happening in the case as prevented the defendant
getting justice on the trial. Defendant was induced by the

court not to introduce any evidence before the referee to support its claims set up or attempted to be stated in the answer. This appears from the affidavits of counsel, which affidavits were used on the hearing, as is admitted by counsel. Failure to introduce evidence on the trial in this case after default of reply to the counterclaims, was the direct consequence of the action of the court in making an erroneous ruling declaring the answer good. Was not the error of the court, resulting from the motion of the plaintiffs, such an act as was extraneous to the defendant, and one entering into the proceedings of the trial, in that it put before the referee and kept before him an answer and an order of default of reply thereto, and which, in effect, told the referee that he need not take any testimony in support of the claims of the defendant, and that the latter need not offer any? We think so. Then it was an error which could be considered on motion for a new trial. It prevented a fair trial.

It rarely happens that such a concatenation of circumstances is presented to a court of last resort as appears herein, there being important omissions from the record uncomplained of, obscure specifications of alleged error, concessions in briefs of facts omitted from the record, and unusual error of the court below, with an honest desire to correct and remedy it in a way difficult to review and involving very close questions of procedure and practice. In a case with so poor a record, uncomplained of by appellants or respondent, in respect of important faults, and raising so close a question to be determined, it seems to be the duty of this court to affirm the action of the lower court in granting a new trial, especially when it is so apparent that the court granted it because it had done the judgment debtor an injustice. By suggestion rather than by positive declaration this court in *Newell* v. *Meyendorff, supra,* indicates that the point herein considered can be raised and determined on appeal from an order granting or refusing a new trial.

In view of the very close questions before us to decide, the writer of this opinion is not willing to have this case considered as a precedent except for such a case hereafter appearing as

may be identical in all particulars with the one herein treated. The order granting a new trial is affirmed.

*Affirmed.*

MR. JUSTICE PIGOTT: The arguments in support of the order appealed from and the arguments against it seem to me to be of equal legal force. Of course they are not. But to my imperfect mental vision the reasons which may be urged upon the one side are as strong as, but no stronger than, those which may be advanced upon the other,—they are of equal weight and the scales are in equipoise. Not being satisfied that the court below erred in granting a new trial, I concur in the judgment of affirmance.

MR. CHIEF JUSTICE BRANTLY, dissenting: I do not agree with my associates in the result reached in this case. The transcript before us embodies the record upon which the order of the district court granting a new trial was made. Besides copies of the notice of appeal and the order from which the appeal was taken, it consists of copies of the judgment roll and of a bill of exceptions settled by the judge at the instance of the plaintiffs at the time the order was granted. This bill includes not only copies of the affidavits referred to in the majority opinion as filed in support of the motion so far as it proceeded upon the ground of accident or surprise, but also a copy of a bill of exceptions settled at the instance of the defendant in support of other grounds laid in its motion. Nowhere in the record, however, do we find a copy of the motion to strike out the counterclaims pleaded in the answer, nor of the order overruling the same. For evidence that any such proceeding took place in the district court resort must be had to the opinion of the district judge rendered at the time the order granting a new trial was made and to the affidavits incorporated in the bill of exceptions. In the majority opinion the recitals contained in these papers are permitted to supply the place of papers, to-wit, the motion and the order overruling it, which the law re-

quires to be part of the records of the court as embodying the only evidence to which this court may look to determine, in a given case, what action has been had therein in the trial court and the grounds therefor. In other words, the recitals in these papers are permitted to take the place of a copy of a motion to strike as well as of the order overruling it; whereas, what is made to appear from the papers actually filed in the district court, and the entries actually made in its journal, are the only things to which the district court itself, or this court, may look in order to be satisfied that such an order was made. In my opinion, we may not look to these papers for such a purpose. The opinion of the judge has no place in the record for any purpose (*Menard* v. *Montana Central Railway Co.,* 22 Mont. 340, 56 Pac. 592; *Butte & Boston Min. Co.* v. *Societe Anonyme des Mines de Lexington,* 23 Mont. 177, 58 Pac. 111, 75 Am. St. Rep. 505; *Cornish* v. *Floyd-Jones,* 26 Mont. 153, 66 Pac. 838); therefore the recitals therein cannot be considered. The affidavits may not by their allegations supply the place of an order which should, if it was ever made, appear in the court journal and in the judgment roll. If we may not consider these papers as evidence of the making of the order, the subsequent reversal of which upon the entry of judgment is alleged to have surprised the defendant, but must look only to the record which was before the district court at the time the new trial was granted, then there is nothing in the record to justify that court in granting it. True, these matters are referred to in the briefs of counsel, but the implied admissions thus made that such a motion was filed, and such an order was made thereon, in no way aid the recitals referred to. Omitting these recitals from the record as matters having no place therein, it fails to show any reason for granting a new trial upon any of the statutory grounds; for, so far as appears to us, none of the other grounds laid in the motion justify the order, and it seems to have been made for a reason which has no foundation to support it except matters which rested in the memory of the district judge and of counsel. If there ever was filed

in the district court a motion to strike which was treated as a demurrer for substance, and if an order was ever made over-ruling it upon the theory that it was such a demurrer, thus misleading counsel to defendant's prejudice, the evidence of these proceedings should be found in the judgment roll. None being found there, the presumption is that they never occurred, or, in any event, that they never became a matter of record in the district court; for we must presume that the judgment roll was made up by the clerk from the record as it actually exists. Omissions therefrom, if any, should have been supplied by amendment to the record in the proper way, and not by affidavits of counsel or the mere recitals in the opinion of the judge. To justify the granting of a new trial upon a record such as presented in this case is equivalent to saying that, if the district judge conceives in his own mind that there exists a reason why a new trial ought to be granted, he may grant it, irrespective of the contents of a motion made for that purpose. This court thus establishes a precedent for a practice that finds no justification anywhere, so far as I am aware. Upon the record counsel for defendant relied upon their default taken against the plaintiffs. They had a right to do so, if they chose. The default was entered by the clerk, and not by the court. When the defendant made its motion for judgment in its favor for a balance after allowing credit for the amount found in favor of the plaintiffs by the referee, there was presented to the court for the first time in the case the question whether the counterclaims stated a cause of action. The defendant, through its counsel, thus chose to abide the action of the court upon their motion. Having done so, they were bound by the conclusion reached thereon, and should not be heard to complain, except upon appeal from the judgment.

ON MOTION FOR REHEARING.

(Submitted January 2, 1902.   Decided January 3, 1902.)

MR. JUSTICE MILBURN delivered the opinion of the court.

The plaintiffs have submitted a motion for a rehearing of this case, which was decided by this court on the 9th day of December, 1901; and, after considering the same, we are of the opinion that the general result reached in the original opinion is correct. Our attention having been called to the fact, however, that the findings of the referee in favor of the plaintiffs were conceded to be correct and that three of the counterclaims of the defendant were properly allowed by the district court, it finding for the defendant for the amounts claimed therein to be due, we think, under these circumstances, that the order of affirmance is too broad and should be, and now is, modified to read as follows:

"The cause is remanded with direction to the district court to cause to be entered an order granting the defendant's motion for a new trial in so far only as are involved the matters presented by the counterclaims other than the three included in the judgment, with leave to defendant to amend its answer.

Remanded with direction to the court to proceed as above ordered.

*Modified and affirmed.*