LOEB et al., appellants, *v.* KAMAK et al., respondents.

PLEADING—*amount of damages in complaint not material.* The amount of damages claimed in a complaint is not a material averment under the civil practice act of this Territory. The plaintiff can recover the damages he proves.

DAMAGES—*profits on resale of goods too remote.* The profits which might have been made by the resale of goods are too remote to sustain an action for specific damages.

*Appeal from Third District, Lewis and Clarke County.*

LOEB and another brought this action to recover $3,000 as damages, and obtained a verdict for $700. The plaintiffs then moved for a judgment for $3,000 *non obstante veredicto.* The motion was overruled by the court, SYMES, J., and the plaintiffs appealed.

The opinion contains the facts.

CHUMASERO & CHADWICK, for appellants.

The complaint alleged fraud on the part of respondents, and damages in the sum of $3,000. The answer denied fraud, but did not deny the allegations of the complaint as to the damages. On the issue of fraud, the jury found for

the appellants and assessed their damages at $700. No evidence on behalf of appellants or respondents as to amount of damages was introduced. After the rendition of the verdict and before the entry of judgment, the appellants moved for judgment for $3,000, *non obstante veredicto*, on the following ground : That, as the issue of fraud was for the appellants, and there was no denial in the answer of the amount of damages, the assessment of the same for less than the amount averred, or at all, was surplusage, and the court should have entered judgment for $3,000. Civ. Prac. Act, §§ 65, 66 ; *Toulumne R. R. Co.* v. *Patterson*, 18 Cal. 415 ; *Patterson* v. *Ely*, 19 id. 29 ; *Dimick* v. *Campbell*, 31 id. 240.

LAWRENCE & HEDGES, for respondents.
No brief on file.

KNOWLES, J. The facts presented in the record of this case are as follows : The appellants purchased of the respondents a certain stock of goods. The appellants allege, in their complaint, that the respondents made false and fraudulent representations as to what said stock of goods consisted of, in this : That they represented that there was in said stock three hundred and fifty beaver cloth suits of clothing, and that the said stock of goods, in fact, contained but fifty-nine of said beaver cloth suits ; that appellants, relying upon these representations of respondents, purchased said stock of goods ; that respondents have failed to deliver said whole number of beaver suits ; that appellants have been deprived of said goods, and of the profits which they might have made by the re-sale of the same, whereby appellants have been damaged in the sum of $3,000. The complaint makes out a case for damages for false and fraudulent representations, as to the contents of a stock of goods.

The respondents, in their answer, deny the false and fraudulent representations, but fail to deny the amount of damages claimed by appellants in their complaint.

The cause was tried by a jury, who returned a verdict for appellants, and assessed their damages at $700.

The attorneys for the appellants moved for a judgment for the sum of $3,000, in accordance with the uncontroverted allegation in the complaint, claiming damages in that sum.

It is contended, by the appellants, that the only issues presented in the case were, whether the respondents had made these false and fraudulent representations, and the appellants purchased the goods upon such representations; that the amount of damages was admitted by the record, and, hence, not a subject for the consideration of a jury; that the allegation claiming the amount of damages was a material averment in the complaint, and that, by the provisions of our practice act, every material allegation not specifically controverted by the answer must, for the purposes of the action, be taken as true.

This presents to us the question for our consideration in this case. If this is a material averment within the meaning of the practice act, in the complaint, then undoubtedly the position taken by the appellants is correct. If it is not a material averment within the meaning of that act, then they are wrong, and no error was committed by the court below.

At common law every material allegation in the declaration, not put in issue by the plea for the purposes of the action, was taken as true. The failure, however, to plead to the declaration did not, in that practice, admit the correctness of the amount of damages claimed.

The *ad damnum* clause of a common-law declaration, in which the amount of damages was specified, was considered only a formal allegation, and the objection for any defect in it could be taken only by a special demurrer. The amount of damages which the plaintiff could recover depended upon the proof adduced upon the trial. A party could not recover more damages than he claimed, but no matter how much was claimed, he could not recover more than the proof showed he was entitled to. The court could assess the damages or call upon a jury to assess them.

Has this been changed by the Code ? Has the Code made the *ad damnum* clause of a declaration a material averment ? Is it necessary to state, as one of the facts constituting a cause of action, the amount of damages sustained. If so, then under the Code, should the complaint fail to set forth the amount of damages sustained, a general demurrer to the complaint that it did not state facts sufficient to constitute a cause of action would be sustained. Such practice, however, we hold, would not be correct. If a complaint sets forth facts, showing that a party has been injured, the law presumes that he has been damaged to some extent. If he does not specify the amount of damages sustained, he will be entitled to nominal damages. A party need not allege what the law implies. If the amount of damages or the debt claimed was a material averment, then an answer traversing this allegation would raise a material issue. Yet it has been held repeatedly, since the adoption of the Code, that such a traverse raised no material issue. The Code, in prescribing the requisites of a complaint, gives as the third : "A demand of the relief the plaintiff claims ; if the recovery of money or damages be demanded, the amount thereof shall be specified."

This clause the authors of our Code intended as a substitute for the *ad damnum* and concluding clause of a common-law declaration, and the prayer for relief in a bill in equity. The allegation of damages, in the complaint in this cause, is substantially the *ad damnum* clause of common-law declaration. True, there is a demand for relief in another clause. The crowding into a complaint unnecessary allegations, however, will not make them material. To give any other construction to this averment, in the pleading under consideration, would render certain portions of our Code meaningless.

Section 150 of the Code provides, that upon failure to answer "in an action arising *upon contract* for the direct payment of money or damages only," the clerk may enter judgment for the amount claimed in the summons.

In actions not upon *contract*, for the recovery of damages

in whole or in part, the court may order the damages assessed
by a jury.

The plaintiff (no answer being filed at the expiration of
the time prescribed by law for defendant to file his answer)
is entitled to a default. A default admits every material
allegation in a complaint, as effectually as the failure to
traverse any material specific allegation in the complaint, by
the answer, admits that allegation. If the damages claimed
is a material averment in the complaint, then a default
admits its truth ; and why is a court given authority to
have the damages assessed by a jury ? The admission, if
one, is of record, and more binding than the verdict of a
jury. The only answer that we can conceive to this is, that
the framers of our Code did not consider the averment of
damages sustained in a complaint a material averment, but
only the moneyed relief for the wrongs averred.

The case of *Patterson* v. *Ely*, 19 Cal. 28, cited by the
counsel for appellants, is not in point. That was an
action of ejectment, and for rents and profits for the prem-
ises during the period the defendant occupied them. The
plaintiff alleged the value of rents and profits, as it was
necessary for him to do. The law would not presume that
the rents and profits were of any value, unless they were
alleged. The defendant failed to deny the value of the
rents and profits, and admitted the truth of the allegation,
as much as if in an action to recover the value of goods,
wares and merchandise, the plaintiff should have alleged
the value of the goods, and the defendant, should he fail
to deny the value, would admit the value alleged. The
allegation of damages in the complaint cannot be construed
into an allegation of the value of the beaver suits not fur-
nished, and, as we view this action, it was not necessary to
allege the value of the beaver suits. Their value could be
proven, to show the damages sustained by the false and
fraudulent representations ; neither is this allegation of any
force, if it can be construed as an allegation for specific
damages for the profits the plaintiff might have gained by

the re-sale of said goods. Such a ground for specific damages is too remote.

For the foregoing reasons, the judgment of the court below is affirmed.

*Exceptions overruled.*

WARREN, C. J., concurred.