OGLE ET AL., APPELLANTS, *v.* POTTER, RESPONDENT.

[No. 1249.]

[Submitted October 9, 1900. Decided December 3, 1900.]

*New Trial—Notice—Grounds—Misconduct of Referee—Appeal—Record.*

24　501
26　183
24　501
28　126
28　444

24　501
29　178

24　501
35　421
36　483

1.　A motion for a new trial is a statutory remedy, and can only be invoked in the manner, within the time, and upon the grounds provided for in the statutes; and this rule applies indifferently to law and equity cases.

2.　Within 10 days after the decision of a referee, and after judgment entered thereon, defendant filed notice of intention to move for new trial, and afterwards prepared his statement in support thereof, to which plaintiffs submitted amendments, which defendant refused to adopt. The referee had meanwhile absconded without filing a transcript of the evidence, and the statement and amendments were never submitted to him. Four months after the decision defendant, on notice, filed a motion for a new trial, but the notice did not state any ground on which trial would be asked but referred to an affidavit filed with the clerk, which stated that the referee had absconded, and his residence was unknown, and that counsel could not incorporate in his statement the evidence on which the finding was based, or obtain a settlement of it. *Held,* that under Code of Civil Procedure, Section 1173 requiring the party moving for a new trial to file notice of intention designating the grounds relied on within 10 days from notice of the decision, the original motion having been abandoned, the motion filed four months after the decision was too late.

3.　The notice designating no grounds for new trial, the motion was insufficient.

4.　The fact that the referee had absconded, and failed to return the transcript of the evidence, was not ground for new trial, not being enumerated as such in section 1171 of the Code of Civil Procedure.

5.　The wrong doing on the part of a referee, which in no wise affects the integrity of the judgment entered in accordance with his report, is not ground for a new trial under Sec. 774 of the Code of Civil Procedure (providing that the court may, in its discretion and upon seasonable application, relieve a party from a judgment, order, or other proceeding taken against him through the mistake, inadvertence, surprise, or excusable neglect) since this section has reference to cases where a party has, for one or more of the reasons mentioned, been prevented from having a proper hearing in the first instance, and is in default.

6.　On questions relating to the entry of judgment, the supreme court can only look to the record of the lower court, made at the time, and cannot be controlled by statements in the affidavit for new trial, though the order granting a new trial was based thereon.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by J. F. Ogle and another against William Potter. There was a judgment for plaintiffs, and from an order granting a new trial plaintiffs appeal. Reversed.

## STATEMENT OF THE CASE.

This action was brought to obtain a dissolution of a co-partnership between plaintiffs and defendant, and an adjournment of the co-partnership accounts. After the answer was filed, and on November 14, 1896, the parties stipulated in open court that the cause might be referred to one W. J. Stevenson, to try all the issues involved, and to report findings of fact and law. Under this stipulation an order of reference was made and entered. The referee heard the evidence offered by the parties, and on December 7th reported to the court his findings and conclusions. Thereupon counsel for plaintiffs asked the court to enter judgment in accordance with the report. After argument by counsel this was done, on December 12th. At the same time an order was made directing the referee to file with the clerk within ten days a transcript of the evidence heard at the trial. This order was not obeyed, the referee a short time thereafter absconding from the state. Within ten days after the decision of the referee defendant's counsel served and filed with the clerk a notice of intention to move for a new trial, and within 30 days thereafter, under an extension of time allowed for that purpose, prepared his statement in support of the motion, and served the same upon counsel for plaintiffs. In due time counsel for plaintiffs submitted amendments, which counsel for defendant refused to adopt. The statement and the proposed amendments were never submitted to the referee, nor was any other step taken in the case until April 6, 1897, when counsel for defendant, upon notice, filed a motion asking the court to set aside the findings of the referee and to grant a new trial of the cause. Neither the motion nor the notice thereof stated any ground upon which the new trial would be asked, but reference was made in the motion to an affidavit filed with the clerk as stating the grounds which would be urged. This affidavit, after reciting the history of the case from its inception, set forth that the judgment had been entered upon the findings of the referee upon the condition that he would file with the clerk

within 10 days a transcript of the evidence heard by him; that the order of the court in this behalf had not been obeyed; that the referee had absconded from the state, and his residence was unknown; that it was impossible for counsel to incorporate in his statement on motion for a new trial the evidence upon which the findings were based, but that he was compelled to state it upon his best recollection; that, notwithstanding this had been done, amendments had been proposed; that he was therefore unable to obtain a settlement of the statement so that he could submit to the court the insufficiency of the evidence to support the findings; that plaintiffs had no cause of action against the defendant; and that, unless a new trial was granted, defendant would suffer a gross injustice. On November 3, 1897, this motion was submitted to the court, with plaintiffs' objections to its consideration. On February 9, 1898, the court overruled plaintiffs' objections, and entered an order granting defendant a new trial. From this order plaintiffs have appealed.

*Mr. W. L. Holloway*, for Appellants.

*Mr. J. L. Staats*, for Respondent.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the Court.

It was held by this Court in *Whitbeck* v. *Montana Central Railway Co.*, 21 Mont. 102, 52 Pac. 1098, that an appealable order, regularly made, cannot be reviewed or set aside by the court making it, except in the cases provided by statute. In that case judgment had been rendered upon the pleadings in defendants' favor. Subsequently, and before entry of the judgment, the court, concluding that it was erroneous, set it aside upon its own motion. This action was held to be in excess of jurisdiction, in view of the provisions of the Code of Civil Procedure prescribing a mode for securing a new trial and for a review of the judgment on appeal. The remarks made in the opinion touching the power of the district court

over its own judgments are pertinent to this case. The general result reached is that unless the judgment or order in question comes within the rule that the court may within a reasonable time correct mistakes in its proceedings, and annul orders and judgments inadvertently made, it should not be disturbed, except by formal methods prescribed by statute. The order complained of here, not falling within this rule or any other recognized exception, must be justified, if at all, upon one of two grounds, viz.: That the proceeding upon which it is based comes within the provisions of the Code of Civil Procedure authorizing the granting of new trials; or those permitting a party to be relieved of a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. Counsel argues that it cannot be justified on either ground.

1. A motion for a new trial is a statutory remedy, and can only be invoked in the manner, within the time, and upon the grounds provided for in the statutes. The moving party must, within 10 days after the verdict or notice of the decision of the court or referee (as the case may be) file with the clerk and serve upon the adverse party his notice of intention, designating the grounds upon which he relies. (Code of Civil Procedure, Section 1173.) In the absence of such a notice, or if the notice fails to set forth one or more of the grounds enumerated in Section 1171, the court has no power to act. The notice is the foundation of the proceeding. (*Arnold* v. *Sinclair*, 12 Mont. 248, 29 Pac. 1124.) If the notice has been properly given, the moving party must prepare, file, and serve his affidavits, if he relies upon affidavits, under the requirements of Subdivision 1 of Section 1173. If he relies upon a bill of exceptions, and his bill has not already been settled under the provisions of Section 1154, he must prepare, serve, and have it settled under Subdivision 2 of Section 1173. If the motion is to be made upon a statement, the provisions of Subdivision 3 of that section must be observed. It is only when these various steps have been taken in proper time that the motion can be entertained; and the

rule applies indifferently to. law and equity cases, for under our Code the procedure is the same in both.

The notice upon which the proceedings in this case were based failed to comply with the statute, in that it was not given until nearly four months after notice of the decision, and designated no ground upon which a new trial could be granted. Even if the notice had been in time and sufficient in substance, the affidavit contained none of the grounds enumerated in Section 1171, of which alone the court could take notice. The fact that the referee had left the state without obeying the order made on December 12, 1897, though it resulted in inconvenience, or even injustice, to defendant, was no ground for a new trial. The trial had then been concluded, and the judgment entered. Nothing in the behavior of the referee, however inexcusable it may have been, tended to show that the findings and judgment were not entirely proper; nor did it furnish any reason why the plaintiffs should be arbitrarily deprived of their rights already declared. Otherwise, in any case in which a party should be prevented by unforeseen misfortune from applying for a new trial under the statute, the court might, in its arbitrary discretion, grant him relief, and thus disregard the statutory limitation upon its power. The death of the referee, or the accidental destruction of his notes of the evidence, or any other similar occurrence, would appeal just as strongly to the court as does the situation here presented. The original motion having been abandoned, the right to move thereafter upon any ground was lost, and the order made upon the second motion was unauthorized.

2.   Nor can it be supported on the theory suggested in the second ground. Section 774 of the Code of Civil Procedure provides that the court may, in its discretion and upon seasononable application, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; but this provision has no application to such a case as is here presented. It has reference to cases where a party has, for one or more of the reasons men-

tioned, been prevented from having a proper hearing in the first instance, and is in default. Here the defendant had his day in court in the first instance. The hearing was had, and the findings and judgment were regularly made and entered. The facts set forth in the affidavit show no mistake, surprise, nor inadvertence on the part of defendant, but only wrong-doing on the part of the referee, in no wise affecting the integrity of the judgment.

3. Defendant argues that the affidavit shows without contradiction that the entry of the judgment was conditioned upon a compliance by the referee with the order of December 12, 1897, and that the action of the district court should be affirmed on this ground. Conceding, for the sake of argument that such an entry of judgment was proper, the record does not bear out defendant's claim. It shows that the entry of the judgment was absolute and unconditioned, and that the order requiring the transcript to be filed was solely at the instance and for the accomodation of defendant. On this point we may only look to the record of the district court made at the time, and cannot be controlled by the statements contained in the affidavit, even though these statements may have furnished the ground upon which the district court based the order under consideration. The order is therefore reversed.

*Reversed.*