STATE ex rel. CULBERTSON FERRY CO., Relator, *v.*
DISTRICT COURT et al., Respondents.

(No. 3,544.)

(Submitted October 18, 1914.  Decided November 18, 1914.)

[144 Pac. 159.]

*Mandamus—New Trial—Issue of Fact—Definition.*

*Mandamus*—Does not Lie, When.
 1.  The writ of mandate will not issue to compel the doing of an idle
or useless thing.
  [As to what the writ of *mandamus* is and when it is allowable, see
notes in 89 Am. Dec. 728; 125 Am. St. Rep. 492.]

New Trial—Issue of Fact—Definition.
 2.  A new trial is the re-examination of an issue of fact created by
formal pleadings in the manner prescribed by section 6723, Revised
Codes, and once tried, and does not lie under any other circumstances.
  [As to what proceedings are inconsistent with motion for new trial
so as to waive right to move, see note in Ann. Cas. 1914B, 612.]

Default Judgment—New Trial—Issue of Fact—*Mandamus.*
 3.  In an action for damages for a tort, defendant filed an answer
pleading, *inter alia*, a counterclaim which required a reply.  No reply
having been filed, judgment by default was entered awarding defend-
ant damages as determined by a jury, under the allegations of his
counterclaim, after a hearing—in the form of a trial—participated in
by counsel for both parties.  Plaintiff's notice of intention to move for
a new trial was stricken from the files.  *Held*, under the rules above,
that *mandamus* did not lie to compel the reinstatement of the notice,
inasmuch as an issue of fact not being presented by the pleadings, a
new trial may not be had and the notice of intention, if reinstated,
would therefore serve no useful purpose.

*Mandamus.*  Original application to compel the district
court of the Twelfth Judicial District, in and for the County of
Sheridan, and Frank N. Utter, a Judge thereof, to reinstate
relator's notice of intention to move for a new trial in its ac-
tion against H. G. Hinz, alleged to have been erroneously
stricken from the files.  Dismissed.

*Messrs. Walsh, Nolan & Scallon* and *Mr. R. O. Lunke*, for
Relator, submitted a brief; *Mr. Wm. Scallon* argued the cause
orally.

*Messrs. Norris & Hurd*, for Respondents, submitted a brief;
*Mr. Edwin L. Norris* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

*Mandamus.* The petition avers the following facts: The relator, a ferry company, filed its complaint in the district court of Sheridan county, seeking to recover from one H. G. Hinz $500 damages for the alleged cutting of its ferry cable and to procure a decree enjoining him from interfering with it in the use and operation of a public ferry near Culbertson. Hinz answered joining issue and pleading a counterclaim in damages to the amount of $1,000 for trespass by the relator, in occupying certain of his lands without his permission for its ferry equipment and approaches. The relator did not reply, and after the time for filing a reply had passed, Hinz moved for judgment. The default of relator for failure to reply was entered by the clerk, and thereafter the cause "came on regularly for trial" before the court sitting with a jury, upon the amount of damages sustained by Hinz under the allegations of his counterclaim. A verdict for $900 was rendered and judgment was entered accordingly. Thereafter the relator served and filed its notice of intention to move for a new trial which, upon motion of Hinz, was stricken from the files. The peremptory writ of mandate of this court is now sought to compel the district court to reinstate the notice of intention and thereafter to proceed as may be proper.

It is elementary law that the writ of mandate will not [1] issue to compel the doing of an idle or useless thing (13 Ency. Pl. & Pr. 493; 26 Cyc. 147); but only to compel the performance of a clear legal duty (Rev. Codes, sec. 7214; *State ex rel. Donlan* v. *Commissioners, etc., ante,* p. 517, 143 Pac. 984). If, therefore, the relator's notice of intention was properly stricken, or if, though improperly stricken, its reinstatement would be useless, the relator cannot have relief in this proceeding.

That the counterclaim was sufficient and required a reply [2, 3] is not denied. This being so, the respondent contends that the ruling complained of was proper and that the restoration of the paper to the files would be useless, for several rea-

sons, among them this: That a motion for new trial does not lie because the allegations of the counterclaim stood admitted by failure to reply, and there was no issue of fact to be tried or retried. The relator, on the other hand, insists that as to the amount of respondent's damages there was an issue to be tried; that at the hearing the relator as well as the respondent appeared by counsel; that the relator claimed and was accorded the right to cross-examine the witnesses produced on behalf of Hinz; that witnesses were sworn and testified for the relator; that the jury were instructed by the court and addressed by counsel for both parties, and that proceedings so conducted are a trial, the results of which are subject to review on motion for a new trial.

The solution of the problem thus presented depends not so much upon what was done at the hearing as upon what was required to be done. A new trial is the re-examination of an issue of fact (Rev. Codes, sec. 6793); and unless there was an issue of fact to be tried, and which may now be re-examined, neither the participation of relator in the proceedings nor the unnecessary formality with which they were clothed can be decisive. What an "issue of fact" is and how it must be raised to be the subject of a retrial are thus settled by our Code and by the decisions of this court: "An issue of fact arises * * * 1. Upon a denial, contained in the answer, of a material allegation of the complaint; or upon an allegation, contained in the answer, that the defendant has not sufficient knowledge or information to form a belief, with respect to a material allegation of the complaint. 2. Upon a similar denial or allegation, contained in the reply, with respect to a material allegation of the answer. * * * " (Rev. Codes, sec. 6723; Code Civ. Proc. 1895, sec. 1033.) "A new trial is a re-examination of an issue of fact. * * * The expression 'issue of fact,' used in its broader sense, would include every issue of fact, whether arising upon formal pleadings or upon a motion. As used here, however, it refers only to issues of fact raised by formal pleadings, as defined in section 1033

of the Code of Civil Procedure." (*State ex rel. Heinze* v. *District Court*, 28 Mont. 227, 72 Pac. 613.) "While the provisions of the Codes relative to new trials and appeals apply generally to probate proceedings (Rev. Codes, sec. 7712), controversies which do not arise upon written pleadings authorized or required by statute do not fall within them, because a 'new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees' (Rev. Codes, sec. 6793). * * * As was pointed out in *State ex rel. Heinze* v. *District Court* (*supra*), the expression 'issue of fact' * * * refers to an issue arising upon formal pleadings only." (*In re Antonioli's Estate*, 42 Mont. 219, 111 Pac. 1033.)

In aid of its general contention, and in avoidance of the apparent effect of the foregoing expressions, the relator insists that in an action *ex delicto* the amount of damages claimed is not a material allegation; that default in such an action does not admit the amount of damages but has the effect of an interlocutory judgment only, leaving the amount of damages to be determined by the proof; that in the assessment of damages the party in default "may appear and demand a trial by a jury; that he may cross-examine the witnesses called by the plaintiff; that he may call other witnesses and prove any matter which properly goes to extenuate or mitigate the damages; that he may prove all the facts and circumstances relating to any immediate provocation, which, in judgment of the law, tends to mitigate damages; that he may require the court to give to the jury proper instructions as to the measure and extent of damages; that he may by himself and counsel argue the question of damages; that he may move for a new trial; and that he may reserve by bill of exceptions any question affecting the assessment of damages." These propositions, collected from *Briggs et al.* v. *Sneghan et al.*, 45 Ind. 14, are claimed to have support in *Loeb* v. *Kamak*, 1 Mont. 152; but a consideration of both cases will establish, we think, that they do not enforce the possibility of a new trial under the conditions stated. In this

jurisdiction, new trials are purely statutory (*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920; *State ex rel. Walkerville* v. *District Court,* 29 Mont. 176, 74 Pac. 414; *Vreeland* v. *Edens,* 35 Mont. 413, 87 Pac. 735; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448), and when we say that a new trial lies for the re-examination of an issue of fact created in the manner prescribed by section 6723, Revised Codes, we say that it lies under no other circumstances whatever. Now, the Indiana decision above cited expressly holds an allegation of the amount of unliquidated damages to be not traversible; no admission follows from failure to deny it, because no issue can arise from its denial. The same point is thus elaborated in *Loeb* v. *Kamak, supra:* "Is it necessary to state as one of the facts constituting a cause of action the amount of damages sustained? If so, then, under the Code, should the complaint fail to set forth the amount of damages sustained, a general demurrer to the complaint  *  *  *  would be sustained. Such practice we hold would not be correct. If a complaint sets forth facts showing that a party has been injured, the law presumes that he has been damaged to some extent. If he does not specify the amount of damages sustained, he will be entitled to nominal damages. A party need not allege what the law implies. If the amount of damages or the debt claimed was a material averment, then an answer traversing this allegation would raise a material issue. Yet it has been held repeatedly, since the adoption of the Code, that such a traverse raised no material issue." (See, also, *Woods* v. *Berry,* 7 Mont. 195, 201, 14 Pac. 758.) We are unable to see how the re-examination of an issue of fact raised by the pleadings can occur when there is not and cannot be such issue.

It is quite true that in actions *ex delicto* where the defendant has failed to answer or the plaintiff to reply, the court "may order the damages to be assessed by a jury" (Rev. Codes, secs. 6719, 6762); but, whatever may be the nature or underlying theory of such a proceeding, it is clearly not the trial of an issue of fact raised by the pleadings. In *Yellowstone R. R. Co.* v. *Bridger Coal Co.,* 34 Mont. 545, 115 Am. St. Rep. 546, 9 Ann.

Cas. 470, 87 Pac. 963, this court, discussing a condemnation proceeding, held the rules of practice touching appearance and answer to be applicable and said: ''Construing these provisions together, it is apparent that the defendant is required to appear and make his defense as in ordinary actions. And, if he fails to appear and save default by one of the modes provided, he has no right to be heard in the subsequent proceedings. This is so notwithstanding the provision of section 2221, which requires the commissioners appointed to assess the damages, to hear the allegations and evidence of all persons interested. The latter provision evidently contemplates cases where the parties defendant are not in default, for, if they must, notwithstanding their default, be heard by the commissioners, they may appeal (sec. 2224) and still have a jury trial as to the amount of damages—a situation which, in view of the provisions applicable to ordinary actions, would be absurd.''

The question at bar is thus discussed in *Foley* v. *Foley*, 120 Cal. 33, 65 Am. St. Rep. 147, 52 Pac. 122. ''As to the appeals from the orders denying the motions of defendants for a new trial, they cannot be entertained. A motion for a new trial is not an appropriate proceeding to review the action of the court in giving judgment in a case where there has been no trial upon issues of fact. (Hayne on New Trial and Appeal, sec. 443; *Savings etc. Soc.* v. *Meeks,* 66 Cal. 371, 5 Pac. 624; *Gregory* v. *Gregory,* 102 Cal. 50, 36 Pac. 364; *In re Heldt,* 98 Cal. 553, 33 Pac. 549.) In this case there was no such trial, the judgment being by default against both defendants. * * * In such a case there is no office to be subserved by a new trial. A new trial is 'a re-examination of an issue of fact' (Code Civ. Proc., sec. 656); and, unless such an issue has been raised and tried, there is nothing which can be reviewed by this method.

''While appellants concede this to be the law in actions other than for divorce, they contend that in the latter class of cases there is always of necessity a trial of issues of fact; that the law raises such issues whether the defendant answers or not. But this is a misapprehension of the effect of the statute. The

Code does provide that no divorce can be granted upon the mere default of the defendant, but that the court shall in all cases 'require proof of the facts alleged' before granting the relief. (Civ. Code, sec. 130.) But the effect of that provision is not to raise 'issues of fact,' nor to constitute the taking of proof submitted by the plaintiff in cases where the defendant has not answered a 'trial,' as those terms are used in the provisions relating to new trials. Such an issue arises only where a material averment of fact is made on the one side and is controverted upon the other (Code Civ. Proc., secs. 588, 590) ; and the 're-examination' provided for in section 656 is where there has been a trial of such an issue. The provision of the Civil Code merely declares the policy of the law to be that in divorce cases, whether the defendant suffer default or not, the relief shall not be granted until the facts upon which it is sought are established by proof. In such an instance, however, as in any other where the defendant makes default and suffers judgment upon a mere *ex parte* showing, his remedy in seeking relief from the judgment is under section 473 of the Code of Civil Procedure, and not by motion for a new trial. (Hayne on New Trial and Appeal, sec. 9, and cases above cited.)'' To the same general effect, see 1 Spelling on New Trial and Appellate Procedure, sec. 344; *Younger* v. *Moore,* 8 Cal. App. 237, 96 Pac. 1093; *Crackel* v. *Crackel,* 17 Cal. App. 600, 121 Pac. 295; *Rooker* v. *Bruce,* 171 Ind. 86, 85 N. E. 351; *Riglesberger* v. *Bailey,* 102 Ky. 608, 44 S. W. 118 ; *Hart Lumber Co.* v. *Rucker,* 17 Wash. 600, 50 Pac. 484.

Since there is no issue of fact presented by the pleadings to be re-examined, there can be no new trial; and since there can be no new trial, the court is under no legal duty to restore relator's notice of intention, because it can serve no purpose in the files. (*State ex rel. Heinze* v. *District Court, supra,* 28 Mont., at page 236.) The proceedings are therefore dismissed at the cost of relator.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.