STATE, RESPONDENT, *v.* KELLY ET AL., DEFENDANTS;
HOWARD, APPELLANT.

(No. 4,509.)

(Submitted January 12, 1920.   Decided January 30, 1920.)

[187 Pac. 637.]

*Intoxicating Liquors — Search and Seizure Statute — Confiscation—Nature of Proceeding—New Trial—Constitution—Jury Trial—Costs.*

Intoxicating Liquors—Confiscation—New Trial.
   1.   The search and seizure statute (Prohibition Enforcement Act, Chap. 143, Laws 1917), not making provision for a new trial, and the general statutes covering new trials being inapplicable, the unsuccessful claimant of seized liquors was not entitled to a new trial.

Same—Seizure—Question Determinable.
   2.   The question for determination in a proceeding under Chapter 143, Laws of 1917, is whether any of the articles seized were used, kept or possessed by any person with the intention of violating the prohibitory liquor law.

Same—Search and Seizure Statute—Nature of Judgment.
   3.   Anyone making the required claim of ownership to seized liquors becomes a party to the proceeding instituted under Chapter 143, Laws of 1917, to the extent that he may appeal from a judgment of forfeiture, the determination by the court not, however, being in any sense an adjudication of title as between conflicting claimants.

Same—Nature of Proceeding.
   4.   The proceeding instituted under the search and seizure statute is one *in rem* against the seized liquors for their condemnation as forfeited property, is of purely statutory origin and summary in character.

Constitution—Jury Trial—Power of Legislature.
   5.   The right of trial by jury in the classes of cases in which it existed at the time the state Constitution was adopted remains inviolate and is secured to all; in all other cases the legislature may provide for a trial or hearing without a jury.

Intoxicating Liquors—Confiscation—Jury Trial.
   6.   The party claiming liquors seized under the provisions of Chapter 143, Laws of 1917, is not entitled to trial by jury.

Same—Costs—How Paid.
   7.   *Held,* that since Chapter 143, above, does not provide that the costs of the proceeding incident to the seizure of contraband liquors may be taxed against the party claiming them, it is error to so tax them.

Same—Costs—How Paid.
   8.   *Held,* under section 13 of Chapter 143, Laws of 1917, that if costs are recoverable in a proceeding of the nature of the above, they must be paid by the county from the sale of the property seized, provided any of such property is of the character which may be sold.

*Appeal from District Court of Silver Bow County; John V. Dwyer, Judge.*

PROCEEDING under the Search and Seizure Act, Chapter 143, Laws of 1917, instituted by the state against John D. Kelly, *et al.*, and certain intoxicating liquors. From the judgment and an order denying her a new trial, claimant Lucille Howard appeals. Judgment modified and affirmed. Appeal from order dismissed.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant, submitted a brief; *Mr. Thos. J. Walker* and *Mr. Wagner* argued the cause orally.

The court erred in denying appellant's motion to tax costs. "The right to costs and the liability therefor depends upon the provisions of the statute under which such a proceeding is brought." (*Nichols* v. *Polk County,* 78 Iowa, 137, 42 N. W. 627; *Garrett* v. *Polk County,* 78 Iowa, 108, 42 N. W. 618; *Byram* v. *Polk County,* 76 Iowa, 75, 40 N. W. 102; *Commonwealth* v. *Certain Intoxicating Liquors,* 14 Gray (Mass.), 375; *Fay* v. *Barber,* 72 Vt. 55, 47 Atl. 180; 23 Cyc. 301; 15 C. J. 54.)

As to the sufficiency of complaints generally in actions of this kind, see the following authorities: "Warrant should not be issued on suspicion but statute should be supported by reasonable interpretation of moving papers." (*Matter of Geschwinder,* 68 Misc. Rep. 97, 124 N. Y. Supp. 939.) "Complaint should allege every material fact necessary to constitute offense." (*Myers* v. *State,* 47 Tex. Civ. App. 336, 105 S. W. 48; *State* v. *Dondis* 111 Me. 17, 87 Atl. 478; 23 Cyc. 294.) Necessary to follow language of statute at least substantially. (*Livelar Co.* v. *State,* 98 Miss. 330, 53 South. 681.)

When, as in this case, the witnesses for the state act as "go-betweens," they are regarded as accomplices, and their uncorroborated testimony is held, as being insufficient to sustain a conviction for illegal liquor selling. (*Moore* v. *State,* 14 Okl. Cr. 292, 170 Pac. 519; *Buchanan* v. *State,* 4 Okl. Cr. 645, 36 L. R. A. (n. s.) 83, 84 and note, 112 Pac. 32; *Reed* v. *State,* 3 Okl. Cr. 16, 24 L. R. A. (n. s.) 268 and note, 118 Pac. 1070; *State* v. *Wakely,* 43 Mont. 427, 117 Pac. 95.)

In Oklahoma, as in this state, the law confines its penalties to the seller to him who gives away, furnishes, *etc.,* and leaves the purchaser or the recipient immune to the penalties of the law, yet when he who purchases or receives, aids, abets or assists or induces the accused to part with liquor, then under the authorities he is an accomplice. (*Kendrick* v. *State,* 11 Okl. Cr. 380, 146 Pac. 727; *Sessions* v. *State,* 6 Ga. App. 336, 64 S. E. 1101, and cases in note, 24 L. R. A. (n. s.) 268.)

The authorities holding that in proceedings of this kind a claimant is not entitled to a trial by jury as a matter of right proceed upon the theory that unless the right of trial by jury is specifically granted by statute, it does not exist. We contend that the basis for these decisions is wholly erroneous, and that the true doctrine is that unless the statute in terms denies the right, it does exist. (See *Bogan* v. *State,* 56 Okl. 367, 156 Pac. 233.)

Prior to December 31, 1918, intoxicating liquor was property in this state, and was entitled to all the protection the law affords for any other kind or character of property, real, personal or mixed, and it has not lost its character as property by virtue of the prohibitory legislation affecting it. It becomes contraband only when used or disposed of contrary to law. It is immaterial what quantity a man may have in his possession, whether a bottle, or a warehouse full, so long as the prohibition laws are not violated by the owner thereof, as liquor has all the attributes of any other kind or character of property, and he cannot be deprived thereof without due process of law. (*Wynehamer* v. *People,* 13 N. Y. 378.)

We contend that ''due process of law,'' in this state involving property rights and triable in the courts of common law, contemplates, involves and gives to the accused the inherent and inalienable right of trial by jury. (*Colon* v. *Lisk,* 153 N. Y. 188, 60 Am. St. Rep. 609, 47 N. E. 302.) This court has held that the right of trial by jury guaranteed by our Constitution is the same as that guaranteed by the federal Constitution. (*Consolidated Gold etc. Min. Co.* v. *Struthers,* 41 Mont. 565,

111 Pac. 152.) The United States supreme and federal courts have held that in actions or proceedings of this character, the right of trial by jury is guaranteed, except where the violation of the excise laws occurs on the high seas. (*Garnharts* v. *United States*, 16 Wall. (U. S.) 162, 21 L. Ed. 275; *Modern Loan Co.* v. *Police Court*, 12 Cal. App. 582, 108 Pac. 56.)

*Mr. S. C. Ford*, Attorney General, and *Mr. N. A. Rotering*, for Respondent.

Proceedings to forfeit intoxicating liquors are special proceedings. Costs are allowed to the prevailing party in special proceedings. (*State* v. *Second Judicial District Court*, 24 Mont. 425, 426, 62 Pac. 688. See, also, *Farley* v. *Sixteen Bottles of Champagne*, 153 App. Div. 502, 138 N. Y. Supp. 276.)

Under section 8 of the Prohibitory Enforcement Act, the claimant must show that the liquors were not in any manner kept or possessed with the intention of violating any of the prohibition laws of this state. We claim that under this provision it is sufficient to charge and prove that the liquors were being kept and intended for sale in violation of law, and that it is not necessary to charge or prove that any sale was made in violation of law. (*Commonwealth* v. *Intoxicating Liquors*, 142 Mass. 470, 8 N. E. 421; *State* v. *Howley* (Me.), 9 Atl. 620; *State* v. *Blair*, 72 Iowa, 591, 34 N. W. 432; *State* v. *Schoppe*, 113 Me. 10, 92 Atl. 867; *Campbell* v. *State*, 171 Ind. 702, 87 N. E. 212; *State* v. *Martin*, 92 Wash. 366, 159 Pac. 88.)

In a proceeding for forfeiture of intoxicating liquors, evidence that the claimant kept a saloon is competent upon the question whether he intended the liquors for illegal sale. (*Commonwealth* v. *Certain Intoxicating Liquors*, 107 Mass. 386.) Where liquors are kept in a dwelling-house, it is not necessary to prove that sales were intended to be made in the dwelling-house. It is sufficient to show that it was in effect a magazine or warehouse, where liquors were stored which were intended to be sold at a saloon. (*Commonwealth* v. *Certain Intoxicating Liquors*, 116 Mass. 24.)

It has been held by the court of appeals of Kentucky, in a criminal case, that to complete the offense of violation of the prohibition law, it is not necessary that the accused shall actually make a sale, and that it is sufficient that he has the liquor in his possession with that intent. The court further held that the gist of the offense is the intent, and that the jury might take into consideration all of the circumstances to determine that fact. (*Combs* v. *Commonwealth,* 162 Ky. 86, 172 S. W. 101; *Peters* v. *Commonwealth,* 154 Ky. 689, 159 S. W. 531; *King* v. *Commonwealth,* 143 Ky. 125, 136 S. W. 147, 149.)

It would appear that a proceeding *in rem* is an action in equity, and, being such, neither party is entitled to a trial by jury, as a jury is not guaranteed in an equity action by the Constitution, the test in all such cases being, at the time of the adoption of the Constitution, ''Was either party entitled to a trial by jury?'' In this state neither party was entitled, as a matter of right, to a trial by jury in an equitable action. (*Kite* v. *People,* 32 Colo. 5, 74 Pac. 886, 888; *Kirkland* v. *State,* 72 Ark. 171, 105 Am. St. Rep. 25, 2 Ann. Cas. 242, 65 L. R. A. 76, 78 S. W. 770; *Furth* v. *State,* 72 Ark. 161, 78 S. W. 759; *Frost* v. *People,* 193 Ill. 635, 86 Am. St. Rep. 352, 61 N. E. 1054.) In the case of *Campbell* v. *State,* 171 Ind. 702, 87 N. E. 212, 214, the court enters into a discussion whether the procedure prescribed in the Prohibition Act of Indiana was not against the due process of law feature of the federal Constitution. It discusses this matter and concludes that it was not. (23 Cyc. 300; *State* v. *Intoxicating Liquors,* 82 Vt. 287, 73 Atl. 586; *Steward* v. *State,* 180 Ind. 397, 103 N. E. 316; *Sothman* v. *State,* 66 Neb. 302, 92 N. W. 303.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 12, 1919, John P. Murphy made complaint to the district court of Silver Bow county that he had reason to believe, and did believe, that intoxicating liquors were being kept, possessed and deposited at the Almira Apartments, in Butte,

with the intention that such liquors should be sold, exchanged, given away or otherwise disposed of in violation of the laws of the state of Montana. The complaint named as defendants, John Doe Kelly, afterwards identified as Joe D. Kelly; Richard Roe, thereafter identified as R. P. Dickerson; Jennie Doe, thereafter identified as Lucille Howard, and certain intoxicating liquors. A search-warrant was issued, the premises searched and a large amount of intoxicating liquors and other property seized. After the return of the warrant, Miss Howard made claim to substantially all of the liquors, and Kelly and Dickerson each made claim to a portion of them. Upon the hearing, claimant Howard demanded a jury trial, which was denied, and from the judgment forfeiting the liquors and ordering them destroyed and from an order denying her a new trial, she appealed. These questions are presented:

1. The right of a party claiming the property seized to a trial by jury.

2. The sufficiency of the evidence to justify the judgment of confiscation.

3. The right of the state to tax the costs against the party claiming the property; and

4. A preliminary question of practice, *viz.:* The right of a party claiming the property to move for a new trial.

1. New trial proceedings are purely statutory. (*Ogle* v. *Potter*, 24 Mont. 501, 62 Pac. 920.) The search and seizure statute [1] (Prohibition Enforcement Act, Chap. 143, Laws of 1917) makes no provision for a new trial. The general statute governing new trials has to do only with the re-examination of issues of fact arising upon formal pleadings (*State ex rel. Culbertson Ferry Co.* v. *District Court*, 49 Mont. 595, 144 Pac. 159), and from the very nature of it, cannot have application to a proceeding of this character. The attempted appeal from the order denying a new trial is dismissed.

2. The proceeding authorized by Chapter 143, above, is instituted by a sworn complaint (section 7), but this does not mean necessarily a formal pleading. It may be in the form of an

affidavit (section 8). Upon the hearing the question for deter-
[2]   mination is: Were the articles seized or any of them used,
kept or possessed by any person with the intention of violating
the prohibitory liquor law (section 8). At such hearing, any
person claiming an interest in any of the property seized may
appear and be heard upon filing a verified claim setting forth
particularly the character and extent of his interest. The stat-
ute does not require or contemplate that any person shall be
made defendant either in the complaint (section 7) or in the
search-warrant (section 9682, Rev. Codes). The right of a
party to be heard in opposition to the condemnation does not
depend upon the fact that he is named a defendant but solely
upon the fact that he presents a verified claim. This proceed-
ing is altogether distinct from the abatement proceeding and
criminal prosecution for violation of the liquor laws. From the
time of the seizure until final judgment, the liquors are in the
custody of the law (section 10, 23 Cyc. 298). If the evidence
warrants the conclusion that they are contraband, they are sub-
ject to forfeiture, and the question of ownership is altogether
immaterial. If, however, the court determines that the liquors
were not kept with intention to violate the law, the state has
then no further interest, except the right of appeal, and no
further right to retain possession. It follows that it is not
until the court has first determined that the liquors are not con-
traband that the question of ownership arises, and it arises then
only to the extent that a determination becomes necessary to
enable the court to say *prima facie* to whom it will deliver pos-
[3]   session. Anyone who makes the required claim of owner-
ship becomes a party to the proceeding to the extent that he
may appeal from a judgment of forfeiture, but the determina-
tion by the court is not in any sense an adjudication of title
as between conflicting claimants, and this is all that was meant
by the language employed in *State ex rel. Prato* v. *District
Court,* 55 Mont. 560, 179 Pac. 497. These observations are in-
tended to emphasize the character of the proceeding authorized
[4]   by Chapter 143. It is a proceeding *in rem* against the

liquors themselves for their condemnation as forfeited property. It is purely of statutory origin, is civil in nature (section 37), and summary in character. (*State ex rel. Prato* v. *District Court,* above; 23 Cyc. 299.)

The right of trial by jury in the classes of cases in which it [5] was enjoyed at the time our Constitution was adopted remains inviolate, and is secured to all by section 23, Article III. In all other cases the legislature may provide for a trial or hearing without a jury. (*Finch* v. *Kent,* 24 Mont. 268, 61 Pac. 653.)

Such summary proceedings as were known to the common law [6] were not triable by jury as a matter of right. (4 Bl. Com. 280.) Summary proceedings of this character authorized by the state in the exercise of its police power and designed to effectually suppress the unlawful traffic in intoxicating liquors were unknown to the common law or to the statutory laws of this territory at the time our Constitution was adopted, and are not comprehended in the guaranty of trial by jury. Upon this question there is some diversity of opinion, but the decided weight of authority and the better reasoning support the view herein indicated. (*Frost* v. *People,* 193 Ill. 635, 86 Am. St. Rep. 352, 61 N. E. 1054; *Kite* v. *People,* 32 Colo. 5, 74 Pac. 886; *Campbell* v. *State,* 171 Ind. 702, 87 N. E. 212; *Kirkland* v. *State,* 72 Ark. 171, 105 Am. St. Rep. 25, 2 Ann. Cas. 242, 65 L. R. A. 76, 78 S. W. 770; *State* v. *Intoxicating Liquor,* 82 Vt. 287, 73 Atl. 586; 15 R. C. L. 412; 16 R. C. L. 216; 23 Cyc. 300.)

Cases cited by appellant within the admiralty and maritime jurisdiction of the federal courts and cases arising under the revenue laws of the United States are not applicable.

It would not be questioned by anyone that if the forfeiture of the liquors were a part of the penalty imposed upon a defendant for a violation of the law, the right of trial by jury would obtain; but, as observed heretofore, this proceeding is *in rem,* entirely distinct from, and independent of, the criminal prosecution and having different objects and results in view. The proceeding is more analogous to that provided by the Act

of Congress approved February 25, 1885, and considered in *Cameron* v. *United States*, 148 U. S. 301, 304, 37 L. Ed. 459, 13 Sup. Ct. Rep. 595 [see, also, Rose's U. S. Notes].

The legislation in question does not transgress the Constitution in providing that intoxicating liquors may be forfeited and destroyed after a summary hearing by the court and a determination of their contraband character.

3. It is earnestly contended that the evidence is insufficient to sustain the judgment. We have examined it carefully, but no useful purpose would be served in reviewing it at length. We content ourselves with saying that in our judgment it is ample. The most that can be said of it is that it presents a sharp conflict involving only the credibility of the witnesses.

4. In taxing the cost of the proceeding against claimant [7] Howard the trial court erred. Chapter 143 does not provide that cost may be taxed against a party claiming the property. The reference in section 11 is to the costs which may be imposed in a criminal prosecution for a violation of the liquor laws. Costs, whenever recoverable, become a part of the judgment (*Spencer* v. *Mungus*, 28 Mont. 357, 72 Pac. 663), and the only judgment authorized by section 8 is a judgment of forfeiture, which orders the offending property destroyed; in other words, it is a judgment *in rem* and does not run against any person. Section 8, however, provides that if any of the condemned property is ordered sold, "the proceeds of such sale *after the payment of all costs of such proceeding* shall be paid [8] into the common school fund, *etc.*" Section 13 determines the amount of fees allowed to officers and witnesses, and provides "such fees shall be certified to the board of county commissioners by the county attorney or attorney general *and paid by the county, etc.*" These provisions, we think, sufficiently indicate the legislative intention that the costs incurred in the district court are recoverable, if at all, from the sale of the property seized, provided any of such property is of the character which may be sold.

The cause is remanded to the district court, with directions to strike from the judgment the item of cost, and as thus modified, it will stand affirmed.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Associate Justices Hurly, Matthews and Cooper concur.

. · Rehearing denied March 1, 1920.