STATE EX REL. SINKO, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,146.)

(Submitted June 10, 1922.   Decided July 10, 1922.)

[208 Pac. 952.]

*Supervisory Control — Jurisdiction — New Trial — Denial by
Operation of Law—Statute—Appeal.*

Supervisory Control—Motion to Correct District Court Minutes in Disregard of Order of Supreme Court to Refrain from Further Action not Entitled to Filing.

1.   Where, on application for a writ of supervisory control to annul an order granting a new trial because made in excess of jurisdiction, the order to show cause commanded the district judge to refrain from any further proceedings in the cause in which the new trial order was made, a motion to correct the record, presented by respondents court and judge five days after final submission to and without leave of the supreme court, to show certain amendments to the minutes ordered by the judge after service of the order to show cause and in disregard of the clause thereof that he refrain from further proceedings, was not entitled to filing or consideration.

New Trial—When Deemed Denied by Operation of Law—Jurisdiction.

2.   A motion for new trial not decided within fifteen days after submission is by operation of law denied, section 9400, Revised Codes of 1921, providing that in that event it shall be deemed denied, and the district court is thereafter deprived of jurisdiction to subsequently make an order granting the motion.

Same—Power of Legislature to Restrict Right.

3.   Since new trial proceedings are purely statutory and the remedy can only be invoked in the manner and within the time provided by statute, the legislature may restrict or abridge the right to any extent it may see fit.

Same—"Deemed" Denied—Definition—Statute.

4.   The word "deemed" as used in section 9400 above, *held* to be equivalent to or synonymous with the words "considered," "determined," adjudged," and therefore where something is by statute "deemed" to have been done, it is to be treated as having been done.

Same—Decision of Motion—Statutory Limitation—Right of Appeal not Denied.

5.   *Held,* that the provision of section 9400, Revised Codes of 1921, that if the district court shall fail to decide a motion for new trial within fifteen days after its submission, the motion "shall be deemed denied" is not open to the construction that thereby it is left optional with the moving party to consider the motion denied and appeal from the judgment, or permit it to remain under consideration by the court for so long a time as the court might desire to consider it.

Same—Denial by Operation of Law—Right of Appeal not Denied.

6.   A party moving for a new trial is presumed to know that unless decided within fifteen days after its submission his motion is by

operation of law denied, and if he fails to act upon that presumed knowledge and to take an appeal from the judgment within the statutory time he is in no position to complain that by the above construction of section 9400 he is denied his right of appeal from the judgment.

Supervisory Control—Writ Lies, When.

7. *Held,* that supervisory control lies from an order granting a new trial made after the fifteen days allowed by section 9400 for its decision, where, under the exigencies of the case, the remedy by appeal is inadequate and no other writ is available.

Original application by the State of Montana on the relation of Peter Sinko, for Writ of Supervisory Control to set aside an order of the District Court of Cascade County in relator's case against John McClure granting defendant's motion for a new trial. Writ issued.

*Mr. C. A. Spaulding* and *Mr. David J. Ryan,* for Relator, submitted a brief; *Mr. Spaulding* argued the cause orally.

*Mr. Robt. K. West,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE FARR delivered the opinion of the court.

This is an original application to this court for an order, under its supervisory power, to annul and set aside an order of the district court of Cascade county made by Honorable John J. Greene, as judge presiding, in the case of *Peter Sinko* v. *John McClure,* granting the defendant's motion for a new trial.

The facts as they appear from the relator's petition, summarized, are as follows: In an action pending in Cascade county, wherein Peter Sinko was the plaintiff and John McClure was the defendant, judgment upon a jury's verdict was rendered in favor of the plaintiff and against the defendant on November 25, 1921, and thereafter, on November 29, 1921, the defendant McClure served and filed a notice of motion for a new trial. On January 20, 1922, there was served and filed a formal motion for a new trial. On January 26, 1922, an affidavit was made and filed by the plaintiff Sinko disqualifying Honorable J. B. Leslie, the judge presiding at the trial

of the case, and on April 22, 1922, Judge Leslie made an order calling in Honorable John J. Greene, the judge of the nineteenth judicial district, to hear and determine the motion.   On April 22, 1922, a hearing was had on the motion before Judge Greene as presiding judge, for decision.   Judge Greene did not rule on the motion within fifteen days after the same was submitted to him, but on May 13, 1922, he, as said judge, caused to be made and entered in said court an order' purporting to grant to the defendant therein, John McClure, a new trial, and purporting to set aside the verdict rendered in plaintiff's favor.   It is further alleged, and as special reasons why this court should exercise jurisdiction by the writ of supervisory control, that the order purporting to grant the defendant a new trial was in excess of the jurisdiction of the district court or the presiding judge thereof to make; that unless said. court and Judge Greene, as presiding judge, are restrained, the relator in this proceeding, the plaintiff below, will be prevented from realizing upon, collecting or enforcing his judgment against the defendant McClure, and that it is proposed to proceed with said cause in said district court and to try the same in utter disregard of the judgment in relator's favor; that before an appeal could be taken to this court and heard herein, the defendant McClure will have disposed of all of his property which is now subject to execution on said judgment; and that by reason of all the matters alleged, the relator does not have any plain, speedy, or adequate remedy by appeal in the ordinary course of law.

Attached to the petition as exhibits are purported true copies [1] of various pleadings, notices, orders, *etc.,* referred to therein.   An order to show cause was issued by this court on June 1, 1922, returnable June 10, 1922.   On the latter date the respondents appeared by counsel and moved to quash the order to show cause upon the following grounds: (1) That the facts in relator's affidavit are not sufficient to warrant any relief; (2) that relator's affidavit does not state facts sufficient to give the court jurisdiction to act; (3) that the full record

herein shows no emergency such as to warrant the relief demanded; (4) that relator has a plain, speedy and adequate remedy other than that which may be obtained through an original proceeding in this court; (5) that respondents acted fully within their jurisdiction and rendered decision therein on said motion for new trial within the time provided by law. At the same time, respondents filed what purports to be a transcript of the minutes of the court as regards the motion for a new trial, and of a writ of execution issued on the judgment with the sheriff's return indorsed thereon, unsatisfied. These are certified to by the clerk of the court as true copies of the originals. No answer or other return was made or requested to be made on the return day, and the matter was thereupon submitted to this court for determination and decision, the respondents having been given additional time to file a brief, which they filed on June 19. Prior thereto, and on June 15, respondents filed what purports to be a "motion to correct transcript" without leave of court, which motion purports to include therein a copy of a purported "corrected transcript," which appears to contain certain purported amendments to the district court's minutes made pursuant to an order of Judge Greene, entered on June 13 in the case of *Sinko* v. *McClure.*

This court will not permit the purported "corrected transcript" to be filed, because: First, the order to show cause issued from this court directed to Judge Greene, and upon the original of which on June 2, 1922, he acknowledged due and legal service over his own signature, commanded that he "desist and refrain from any further proceedings in said cause of *Peter Sinko* v. *John McClure* until the further order of this court," and any action of his thereafter in connection with this cause, and any attempt on his part to correct the minutes of the district court so far as relate to that cause, were in entire disregard of the court's order; and, second, this cause was submitted to this court on June 10, 1922, for final determination and judgment, at which time there was not any application or request made to file an answer or return to the order

to show cause, other than the motion to quash. The certified copies of the order and minutes filed by the respondents on the 10th of June, the return day, were substantially the same as those set out in relator's petition, and it would be trifling with court procedure to now permit them to say that the certified copy of the transcript respondents filed in this court on June 10 did not correctly state the proceedings had and taken on the motion for new trial.

According to the relator's petition and the transcript of the [2] . court minutes filed by the respondents on the return day, the motion for new trial was heard by Judge Greene, as the presiding judge of the district court, on April 22, and by him "taken under advisement." Thereafter, and on May 13, the following order was entered in the minutes of the court:

"The motion for a new trial in the above-entitled action having come on for hearing on the 22d day of April, 1922, before Hon. John J. Greene, and the same having been taken under advisement, the said motion is hereby granted and the verdict of the jury in said cause rendered is set aside and the defendant is hereby granted a new trial therein. Done in open court this 13th day of May, 1922.

"JOHN J. GREENE, Judge."

It is clear from the foregoing that the motion was submitted to and taken under advisement by the district court on April 22, and that it was not decided until May 13—more than fifteen days after it was submitted.

The determinative question of law, therefore, in this case, is whether, by the failure of the district court to decide the motion for a new trial within fifteen days after the same was submitted, the motion for a new trial was by operation of law thereby denied, and the district court thereby deprived of jurisdiction to subsequently make an order granting a new trial. The other questions attempted to be raised by the relator have been expressly waived.

The statute (sec. 9400, Rev. Codes 1921) provides that "  *  *  *  In case the hearing is continued by the court, it

shall be the duty of the court to hear the same at the earliest practicable date thereafter, and the court shall decide the motion within fifteen days after the same is submitted. If the court shall fail to decide the motion within said time, the motion shall, at the expiration of said period, be deemed denied.  *  *  *  "

That new trial proceedings are purely statutory has been [3, 4] many times declared by this court: First, in the case of *Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920, and this decision has been followed by this and other courts and by text-writers. (Spelling on New Trial & Appellate Procedure, sec. 24.) .And this court has many times held that this statutory remedy can only be invoked in the manner, within the time, and upon the grounds provided for in the statute. (*State* v. *Kelly,* 57 Mont. 123, 187 Pac. 637; *State ex rel. Culbertson Ferry Co.* v. *District Court,* 49 Mont. 595, 144 Pac. 159; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448; *Vreeland* v. *Edens,* 35 Mont. 413, 89 Pac. 735; *State ex rel. Walkerville* v. *District Court,* 29 Mont. 176, 74 Pac. 414; *Porter* v. *Industrial P. Co.,* 26 Mont. 170, 66 Pac. 839, 67 Pac. 67; *State ex rel. Stromberg-Mullins Co.* v. *District Court,* 28 Mont. 123, 72 Pac. 412; *Ogle* v. *Potter, supra.*) Being a creature of the statute, it is entirely within the province of the state legislature to restrict or to abridge the right to any extent it may see fit, even to the extent of entirely denying to a litigant the privilege of moving for a new trial. In those proceedings where no provision is made by the statute for a new trial, a motion therefor cannot be entertained. (*State* v. *Kelly, supra.*) This court has nothing to do with either the wisdom or adaptability of the statute to any given case or set of conditions. It can only apply to the facts in a given case the clear language of the statute.

The statute provides that "if the court shall fail to decide the motion within said time," that is, within fifteen days after the same is submitted, "the motion shall, at the expiration of said period, be deemed denied." The word "deemed," as used in legislative expressions, has always been held to be equivalent to or synonymous with the words "considered,"

"determined," and "adjudged." (*Blanfus* v. *People,* 69 N. Y. 107, 25 Am. Rep. 148 (citing Rich. Dict.); *United States* v. *Doherty* (D. C.), 27 Fed. 730 (citing Worcester's Dict.); *Commonwealth* v. *Pratt,* 132 Mass. 247.) And where something is by statute "deemed" to have been done, it is to be treated as having been done. (*Leonard* v. *Grant* (D. C.), 5 Fed. 11, 16; *Wolten* v. *Gavin,* 16 Q. B. 48, 81; *Burrell* v. *Pittsburg Guardians, etc.,* 62 Pa. 472, 1 Am. Rep. 441; *Thompson* v. *Cragg,* 24 Tex. 582; *Kerckhoff-Cuzner Mill & Lbr. Co.* v. *Olmstead,* 85 Cal. 80, 24 Pac. 648.) And when the legislature says that if the district court shall fail to decide the motion for a new trial within fifteen days after the same is submitted "the motion shall, at the expiration of said period, be deemed denied," it must be understood to mean that the motion is to be thereafter for all purposes taken and considered as denied. In legal effect, the failure of the court to decide it within fifteen days is equivalent to a denial of it, and the motion is to be thereafter treated as denied by the court and all parties to the suit.

The language of the statute is so clear and certain that the reasons for its enactment need not necessarily be considered; however, in this case they are so illuminating of the construction following from the clear language of the statute as to be properly adverted to. The section of the statute under consideration was enacted by the seventeenth legislative assembly (sec. 8, Chap. 225, Sess. Laws 1921). Prior to its enactment there was no limit to the time a trial court might hold under consideration a motion for new trial. And it is common knowledge of this court and of the legal profession that there were sometimes vexatious, unwarranted, and unreasonable delays by trial courts in passing on such motions, and in order to expedite and speed up the practice, the state legislature, upon the recommendation of the Montana State Bar Association, passed the present law. Its object and its effect in expediting the practice are both at once obvious. After the submission of the motion, it must be decided within fifteen days or it is by operation of law denied. After the expiration of fifteen days, the motion

having been denied, there is nothing further the court can do, it having lost jurisdiction.

Respondents contend that by the phrase "shall * * * be deemed denied," it was intended to leave it optional with the moving party whether he should consider the motion denied and appeal from the judgment, or permit the motion to remain under consideration by the court for so long a time as the court might desire to consider it. Such a construction or interpretation of the statute is not warranted either from the language employed or the history of the legislation. Such a construction would entirely ignore, not only the plain language of the statute, but also the very purpose and object of the legislative enactment.

Counsel for respondents complains that for this court to sustain relator's contention would be to deprive defendant in the court below of his right of appeal from the judgment, but such contention is without merit. Defendant, as well as this court, is bound by the statute. However, the defendant's right of appeal from the judgment was not denied him. The statute gave him the right if exercised within the time prescribed by statute, and if he did not so exercise it, the fault is his own. No one has deprived him of the right. In connection with the contention made on this point, it is pertinent to call attention to the fact that there was considerable delay in bringing the motion for new trial on for hearing, one of the things the statute was designed to prevent. Where the fault for this delay lies does not appear, but it was defendant's motion—he was the one primarily interested in having it heard and determined. Some time after filing the motion, relator made and filed an affidavit disqualifying the judge who presided at the trial, but it does not appear that the defendant made any special effort to have the motion heard at any time earlier than April 11. No question of the time of the submission of the motion after its filing is raised or presented by the relator. Defendant McClure's right of appeal did not expire until May 25. The motion was submitted on April 22.

The defendant and his counsel are presumed to have known that the motion would, as a matter of law, be denied at the expiration of fifteen days, or on the eighth day of May, 1922, still leaving seventeen days within which defendant might have appealed.

Has the relator a right to relief by this proceeding? An appeal is given by statute from an order granting a motion for a new trial; but it is urged that the case is *exigent*, and the remedy by appeal is so inadequate as to require the use of this extraordinary legal proceeding. This court has many times declared the legal conditions requisite to the exercise of the remedy of supervisory control and of the legal principles applicable thereto. It is unnecessary to now restate them. Their application to the present case would seem obvious. The district court, in making the order purporting to grant a new trial, acted entirely without jurisdiction. The motion for new trial, as a matter of law, had been previously denied. Having been denied, the district court could not affirmatively rule thereon by, in effect, reopening the matter—revoking the order which the law says was made denying the motion, and make an order granting a new trial. (Hayne on New Trial & Appeal, sec. 167.) It had lost jurisdiction, and its order of [7] May 13 was void. It is urged by relator, and not denied, that the case is not one which on an appeal, under the rules of this court could be advanced for hearing, and it is alleged that the judgment debtor could and would, before an appeal could be heard, sell and dispose of his property. The fact that an execution on the judgment has been issued and returned by the sheriff as unsatisfied, as disclosed by the record, does not affect the matter. To refuse relief in the case would put the relator herein, the judgment creditor, to the expense and subject him to the delay of an appeal from an order made without jurisdiction, pending which he would be delayed in the enforcement of his judgment; and meanwhile the ability, if there is any, to recover thereon, might be entirely lost to him. Not being entitled to any other writ, and the remedy by ap-

peal being under the circumstances of this particular case inadequate, ·relief from this order, made without jurisdiction, is the only remedy available to the relator. We think the facts are controlled by the principles announced in *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741; *State ex rel. Jerry* v. *District Court,* 57 Mont. 328, 188 Pac. 365; *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753.

It is ordered that a writ issue as prayed for and in conformity herewith.

*Writ issued.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.